## KENNER v. BITELY.

### (Circuit Court, W. D. Virginia. November 10, 1890.)

SPECIFIC PERFORMANCE—DECREE PRO TANTO.

Plaintiff contracted to convey a farm described as containing 900 acres, and agreed that it should contain as much as 850 acres. In the negotiation it was estimated that there were more than 200 acres of bottom-land, worth $60 an acre. A survey disclosed that there were 635 acres in all, and only 66 acres of bottom, leaving a deficiency of 134 acres of the best land, amounting in value to two-fifths of the purchase price. *Held*, that a conveyance would not be a substantial compliance with the contract, and equity will not decree a specific performance *pro tanto*.

In Equity.
*White & Buchanan*, for complainant.
*George A. Smith* and *Daniel Trigg*, for defendant.

PAUL, J. This is a suit for the specific performance of a contract for the sale of real estate. In November, 1888, the plaintiff entered into a contract with the defendant, by which he purchased of the latter a one-half interest in 20,000 poplar trees, standing in the forest in Wise and other counties in Virginia. The price to be paid by the plaintiff for the one-half interest in the trees was a farm, known as the "Bradley Place," situated in Hawkins county, Tenn., at the price of $18,100, and $1,900 in money to be paid in 90 days. The plaintiff alleges that he has fully performed, or offered to perform, his part of the said contract, by executing and delivering a deed to the defendant for the Bradley place, and by offering to pay the said sum of $1,900. The defendant answers, denying that he received or accepted a deed from the plaintiff for the Bradley place, or that the plaintiff complied with the terms of said contract as to the payment of said sum of $1,900, and setting up, as a defense why the contract should not be specifically performed, (1) the failure of the plaintiff to execute the note for $1,900, as required by the contract; (2) fraudulent misrepresentations made by the plaintiff to the defendant as to the title to the Bradley place, the boundary lines, the quantity of land, the cost of the property to the plaintiff, the value and the productiveness of the property.

The defendant claims that he relied upon all of these representations, and that he was thereby induced to enter into the contract, which otherwise he would not have done. The contract describes the Bradley place as containing 900 acres, and the plaintiff in the contract "agrees it shall

contain as much as 850 acres." By the survey made in this cause it contains only 635 acres,—a deficiency of 215 acres. The testimony shows that there are three distinct grades of this land, known, respectively, as "first bottom," "second bottom," and "upland." The evidence shows that the plaintiff and his brother-in-law, Bynum, represented to the defendant that the first bottom contained 200 acres, was worth $60 per acre, and would produce, on an average, 60 bushels of corn per acre. The survey shows that there were but 66 acres of this first bottom land, a deficiency of 134 acres of what is conceded to be, by far, much the most valuable part of the land. Estimating this first bottom land at $60 per acre, the deficiency amounts to $8,040,—over two-fifths of the whole purchase price ($20,000) of the farm. In view of this deficiency of 215 acres in the tract, 134 acres of which is conceded to be the most valuable land in the tract, the court is unable to say that the purchaser got substantially what he contracted for, and that to decree a title to the residue of the land (635 acres) would be a substantial compliance with the contract, and compel the vendee to perform *pro tanto.* 2 Rob. Old Pr. 178; *Jackson* v. *Ligon*, 3 Leigh, 161. As was said in *Evans* v. *Kingsberry*, 2 Rand. (Va.) 131:

"There are many cases, for example, which lay it down that a trifling deficiency of a few acres in a tract of land, possessing no peculiar value in relation to the general tract, will not prevent the specific execution of a contract, as such deficiency lies in compensation."

Bitely, the vendee, testifies that he wanted the farm for stock-raising purposes; that he did not want less land than the Bradley farm was said to contain, to-wit, 900 acres, or, as specified in the contract of sale, 850 acres. Having failed to get this quantity by 215 acres, 134 acres of which is of the best quality of the land, the court does not see how a decree can be entered giving compensation for the deficiency.

A leading case on the question of specific performance is *Willard* v. *Tayloe*, 8 Wall. 557. It says:

"This form of relief is not a matter of absolute right to either party, but a matter resting in the discretion of the court, to be exercised upon a consideration of all the circumstances of each particular case. In general the specific relief will be granted when it is apparent, from a view of all the circumstances of the case, that it will substantiate the ends of justice, and it will be withheld, when, from a like view, it appears that it will produce hardship or injustice to either of the parties."

Upon a consideration of all the circumstances of this case, the court is of opinion that to decree a specific performance of this contract will not substantiate the ends of justice, but that to do so would produce hardship and injustice to the defendant.

Other questions are raised in the record, and discussed in the argument of this cause, which admit of elaboration of the views of the court; such as the statement of the plaintiff that he had paid $20,000 for the farm in question, when in fact he had paid but $10,000; the execution by the plaintiff to the defendant of a deed never delivered to, and never accepted by, the defendant, but lodged by the plaintiff in the clerk's of-

fice of Hawkins county, Tenn., etc.  But the court deems a discussion of these questions unnecessary, inasmuch as it holds that the deficiency in the quantity and quality of the land sold by the plaintiff to the defendant constitutes sufficient cause for the court to refuse to decree a specific performance of the contract between the plaintiff and the defendant.

The bill must be dismissed, at the costs of the plaintiff, and a decree will be entered accordingly.