## DOBKOWSKI v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3608.

1. **Criminal law** ⟜429(2)—**Search warrant and accompanying affidavits, to show due issuance and search thereunder, held admissible, notwithstanding reference to liquor sale before date laid in indictment.**

In liquor prosecution, admission of search warrant and accompanying affidavits, to show that warrant was duly issued and search made thereunder, *held* not error, notwithstanding statement in affidavit that witness bought liquor on date prior to date laid in indictment.

2. **Criminal law** ⟜429(2)—**Search warrant held properly admitted in liquor case, notwithstanding change in witness' testimony from that in affidavits accompanying warrant.**

Search warrant *held* properly admitted in liquor case, notwithstanding change in testimony of witness, showing he was mistaken in statements made in affidavits accompanying warrant, *since such subsequent change of evidence did not affect warrant's validity when issued.*

In Error to the District Court of the United States for the Western District of

Pennsylvania; W. H. Seward Thomson, Judge.

Stanley Dobkowski was convicted of conspiring to possess liquor, possessing material designed for the manufacture of liquor, unlawfully transporting liquor, and keeping and maintaining a nuisance, and he brings error. Affirmed.

Elery Mahaffey, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Dist. Atty., Ralph H. Smith, Asst. U. S. Atty., and Zeno Fritz, all of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and Davis, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Stanley Dobkowski was indicted, found guilty, and sentenced on an indictment containing several counts, variously charging him with conspiring with others to unlawfully have and possess, possess material and property designed for the manufacture of, and with unlawfully transporting, intoxicating liquor, and with thereby keeping and maintaining a nuisance. The several acts charged in the indictment, and the overt acts therewith recited, occurred upon the premises 1230 East Thirtieth street, Erie, Pa., and the time fixed as between the 1st of September and the 25th of December, 1925. To the sentence imposed, Dobkowski sued out this writ of error.

The proof was largely given by one John Gurak, who was a participant and co-conspirator with Dobkowski, and who testified that he was employed by the latter to run a still on the premises named. If his testimony was believed by the jury, as it in fact was, it fully warranted the conviction of Dobkowski, and no questions are raised in the case on the admission of his or other testimony bearing on the charges specified in the indictment and located at the street number above mentioned.

In addition to this testimony, the government proved that on a search of Dobkowski's home, located at 245 East Second street, made on September 16, 1925, moonshine whisky was found therein. In connection with this latter testimony, and as showing how it came to be obtained, the government offered in evidence a search warrant, with accompanying affidavits, to the admission of which papers objection was made. In the affidavits was the statement by one of the witnesses that he had bought liquor in the house on August 31st, and the questions involved in the assignments urged center around this search warrant and the fact of liquor being sold on the 31st of August, which it will be noted was prior to the date laid in the indictment. Before the trial the defendant had moved to quash the search warrant and the evidence of what was found thereunder. This matter was not disposed of, and it was stipulated that "the petitions to suppress evidence shall be considered at the time evidence from witnesses shall be introduced," and this course appears to have been followed.

[1, 2] With that in view, the court at the trial heard the testimony of the United States commissioner, showing the proofs on which he issued the warrant, and thereafter overruled the objections of the defendant and admitted the warrant and accompanying affidavits, not, as we understand, to prove the substantive facts alleged therein, but to show that the warrant was duly issued and a search was made thereunder, which resulted in finding the moonshine whisky in Dobkowski's residence. We find no error in the court so holding. The United States commissioner was called, and testified that he had before him a man named Fred Goble, who made an affidavit and also orally testified as to facts which warranted the commissioner in issuing the warrant. While the testimony of the other witness, Day, showed that he was mistaken in stating that he had made a purchase of liquor on the premises on the 31st day of August, this subsequent change of evidence in no way affected the legality of the warrant at the time it was issued. Consequently the court was justified in refusing to quash the warrant, and in receiving it in evidence, as showing the circumstances under which the witnesses were admitted to the defendants' residence and found the moonshine.

Complaint is made also that the government gave in evidence the fact that liquor was sold on these premises on the 31st day of August, which was outside of the dates laid in the indictment; but this objection is not borne out by the record. The government made no such proof of such sale, and the fact of its having been made, and all reference thereto in the testimony, was brought out by the defendant's examination of witnesses.

Finding no error in the record, and that the evidence warranted the verdict rendered, the judgment below is affirmed.