## LANE v. UNITED STATES.
### No. 11125.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1945.

Rehearing Denied May 17, 1945.

Wm. C. Pierce, of Tampa, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant Clarence Arthur Lane and his uncle, Walter D. Lane, were indicted for carrying on the business of a distiller without giving bond and with intent to defraud the United States of the tax, for possessing unstamped liquors, and for working at an unlawful distillery. During the trial the last named withdrew his plea of not guilty and pleaded guilty. The appellant was convicted on all counts, was sentenced, and appeals. Two points are argued in his behalf: 1. The motion for a verdict of acquittal ought to have been granted. 2. It was error to admit evidence procured by a search without a warrant of the premises around his home, though no objection to its admission was made.

1. Two witnesses for the prosecution testified to watching three men operating two stills near midday and less than 100 feet distant, for fifteen or twenty minutes, and to recognizing the two Lanes, but not being acquainted with the third man who escaped. Walter Lane only was caught at that time. Seventy-one gallons of whisky had been made and put into syrup jugs. A Ford truck was hidden in the bushes, the truck showing that it had been used in hauling material to the stills. It was proven that the truck had been seen at appellant's house a number of times, and was driven by him. A warrant of arrest was taken to appellant's home the next day, but he was not at home. In looking for him the officers observed a part of a still in the open near his house, and in the garage saw some feed sacks and syrup jugs like those at the still. The next day they returned with a search warrant and found a large number of the glass jugs in cartons, several sacks of the same brand of "scratch feed" as the mash at the still was made of with syrup added. A little charcoal and some bricks like those used at the stills was also found. For the defense, appellant testified that he was not at the stills and had nothing to do with them, but was several miles away near Dade City when they were raided. He said he had the feed at his house for his chickens, but they had died off; the jugs contained and had contained syrup, about 100 gallons, but none had been used to make liquor. The alleged still at his house he used as a watering trough. Three other witnesses made

out a strong alibi, if they were correct about the date they saw appellant at and near Dade City. Walter Lane did not testify.

It is not unusual that positive identification of an accused is met by evidence of alibi. The truth between the two is a matter for the jury. There was no error in submitting the question to them.

2. No error appears in reference to the evidence of what was found at appellant's home. The first time the officers went there they had a warrant of arrest, and had a right to look around the house and in the garage for the person they sought. What they saw was open to view, and can hardly be called a search. They returned with a search warrant and saw the same things and found much more. Appellant did not see fit to interpose any objection to the evidence, but elected to rely upon explanation. No ruling of the court was invoked. No error was committed.

Judgment affirmed.