**DIXON v. UNITED STATES.**
**No. 14441.**

United States Court of Appeals
Fifth Circuit.
March 31, 1954.

C. J. Hardee, Joseph E. Gillen, Tampa, Fla., for appellant.

J. Hardin Peterson, Jr., Asst. U. S. Atty., Lakeland, Fla., Vernon W. Evans, Jr., Asst. U. S. Atty., Tampa, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

Appellant was convicted below of unlawful possession and concealment of non-tax paid distilled spirits, contrary to 26 U.S.C.A., §§ 2803(a) and 3321.

His principal contention here is that the evidence used at the trial below was procured with a search warrant which was invalid for the reasons discussed hereafter. The trial court sustained the validity of the search warrant.

On May 23, 1952, James Brown executed an affidavit in which he stated in substance that on May 19, 1952, four days earlier, at about 10:30 or 11:00 o'clock a. m., he saw the defendant and several other men at the defendant's home handling jugs of moonshine whiskey, and that he knew the defendant had this whiskey for sale. Affiant further stated that he drank some of the contents of one of the jugs, and the same was moonshine whiskey.

Based on this affidavit, a search warrant was issued and executed on the same day, May 23, 1952, the search disclosing four gallons of moonshine whiskey in one-gallon jugs, and about one-fourth gallon in a wine bottle. In an outhouse, the search also disclosed thirty-six empty five-gallon jugs and sixty one-gallon jugs, all with the odor of moonshine liquor in them. The five-gallon jugs were concealed in burlap bags.

On defendant's motion to quash the search warrant and suppress the evidence, a witness who said she worked for the defendant as a domestic servant at the time in question, testified that her hours were from 7:30 a. m. to 5:30 p. m., and that she saw no one handling jugs of whiskey, nor drinking therefrom, at any time on Monday, May 19, 1952, the date stated in the affidavit. A subpoena was issued for the affiant, James Brown, but he was not found and was not present to testify.

Appellant intimates that the name used by affiant, "James Brown," was fictitious, for which reason he contends the warrant should have been quashed, upon the testimony of the domestic servant that she saw no liquor there and no one drinking any on the day in question.

But the question before the commissioner was whether or not the affidavit, on its face, which was all he had before him at the time, appeared to be genuine and established probable cause to believe, as of that time, that an offense was being committed on the premises in question. U. S. v. McKay, D.C., 2 F.2d 257; Hirschfeld v. U. S., 7 Cir., 54 F.2d 62; Dobkowski v. U. S., 3 Cir., 19 F.2d 69. The commissioner thought that probable cause was established. His determination is conclusive unless his judgment is arbitrarily or erroneously exercised. Gracie v. U. S., 1 Cir., 15 F.2d 644. An agent of the Alcohol Tax Unit testified that he was present when the affidavit was executed, and saw James Brown sign it.

The district judge here reviewed the commissioner in the matter, hearing countervailing and exculpatory evidence offered by the defendant. The district judge also thought probable cause was shown, and we agree. Credibility of the witnesses upon the question of whether or not the affidavit was genuine or spurious, is for the trial judge.

Appellant further contends that since the affidavit was executed on May 23, 1952, as to possession and concealment on May 19, 1952, that the lapse of four days operated to render the warrant ineffectual, since, *non constat*, the whis-

key might have been removed or consumed. But it was held in U. S. v. Old Dominion Warehouse, 2 Cir., 10 F.2d 736, that the lapse of nine days between the observed offense and the search did not invalidate the warrant; in U. S. v. McKay, D.C., 2 F.2d 257, and in Hawker v. Queck, 3 Cir., 1 F.2d 77, respectively, that 12 days and 21 days between the offense and the affidavit was not too long; and in U. S. v. Liebrich, D.C., 55 F.2d 341, that 14 days between the offense and the issuance of the warrant was not fatal. In Dandrea v. U. S., 8 Cir., 7 F.2d 861, relied upon by appellant, in which the warrant was invalidated, 42 days had elapsed.

Appellant also contends that the affidavit does not set forth facts tending to show probable cause that an offense was being committed on the premises in question. The affidavit contains definite statements of fact, as distinguished from mere suspicions or conclusions, showing the commission of a continuing offense on May 19, 1952. It describes the offense, the premises to be searched and the property to be seized. This is sufficient to support the issuance of a warrant four days later. Weeke v. U. S., 8 Cir., 14 F.2d 398; Steele v. U. S., 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757.

Appellant also claims that the search warrant is invalid because it is styled "United States v. Search Warrant," appellant's name not being stated. Though desirable, it is not essential to the validity of a search warrant that the owner or occupant of the premises be named. U. S. v. Fitzmaurice, 2 Cir., 45 F. 133; U. S. v. Leach, D.C., 24 F.2d 965.

Appellant also contends that by the admission in evidence of the supporting affidavit along with the search warrant itself, he was denied the right to be confronted with the witnesses against him, contrary to the Sixth Amendment. The defendant objected to the introduction of the articles found by the search "until the search warrant is in evidence." The warrant and supporting affidavit were introduced to meet this objection. The affidavit was introduced, as we understand the record, not to prove the substantive facts stated therein, but to show that the warrant was based upon a supporting showing of probable cause. The searching officers who found the whiskey and bottles were placed upon the stand, confronted the defendant, and were subject to cross-examination by him.

When the affidavit and search warrant were offered in evidence, the defendant made twelve objections to their admissibility, but none of them upon the ground now urged that to admit the affidavit in evidence would deprive the defendant of his right to be confronted by the witnesses against him, and none of the grounds offered can be fairly said to include that objection. The objection is made here for the first time, and therefore comes too late in the absence of a clear showing of prejudice. Fuller v. U. S., 53 App.D.C. 88, 288 F. 442; Skiskowski v. U. S., 81 U.S.App.D.C. 274, 158 F.2d 177.

Finding no reversible error, the judgment appealed from is

Affirmed.