Cora Galenti SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18461.

United States Court of Appeals Ninth Circuit.

July 24, 1963.

Rehearing Denied Aug. 21, 1963.

Morse & Graves, Harry E. Claiborne and William R. Morse, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Melvin D. Close, Jr., and Thomas R. C. Wilson II, Asst. U. S. Attys., Las Vegas, Nev., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment of conviction of mail fraud pursuant to 18 U.S.C. § 1341. Appellant was charged and found guilty of obtaining money by

fraudulent pretense respecting an unworkable method of facial rejuvenation. The indictment, in effect, claimed that through the ordinary course of mail false and fraudulent representations were made by appellant concerning her rejuvenation process, to the effect that it would remove lines, wrinkles, bags and pouches; that it involved no burning or peeling or pain, and very little discomfort; that the liquid used was harmless and contained no carbolic acid.

During trial there was introduced in evidence over appellant's objection and efforts to suppress, a travelling cosmetics case found at appellant's premises. The contents of this case included a vial of purple liquid which was identified as composed of 48 per cent carbolic acid, 50 per cent water and 2 per cent impurities.

The principal question presented by this appeal relates to appellant's efforts to suppress this evidence as the product of an unreasonable search and seizure.

The search and seizure were undertaken by Las Vegas, Nevada, police officers pursuant to a search warrant issued by a Las Vegas justice of the peace, in an effort to obtain proof of violation by appellant of a Clark County, Nevada, ordinance, by engaging in business in Las Vegas without having obtained a license.

Appellant contends that federal standards of reasonableness of search and seizure were not met, and that accordingly this evidence, secured by state officers, may not be used in prosecution for a federal offense under the holding in Elkins v. U. S., 364 U.S. 206 (1960), 80 S.Ct. 1437, 4 L.Ed.2d 1669.

Appellant attacks the affidavit upon which issuance of the warrant was based.

She asserts that even assuming that this affidavit may have provided probable cause to suppose that she was offending local law, it could provide no probable cause to suppose that she was guilty of any federal crime. She concludes that the affidavit could not have justified any search by federal officers,

and that federal use, therefore, could not be made of the product of the search and seizure. Appellant relies on the statement in Elkins, 364 U.S. at page 223, 80 S.Ct. at page 1447, that "evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a federal criminal trial." If this search had been conducted by federal officers, appellant reasons, it would have been lacking in a foundation of probable cause for issuance of a federal warrant.

We cannot agree with appellant's construction of Elkins. Such a literal construction would forbid the introduction of the fruits of a state search under all circumstances unless the state or local crime, upon which the search was based, coincided with a federal crime.

 The reasonableness of this (or any) search or seizure does not depend upon whether the activity to which it related was criminal under federal rather than state law. It depends upon whether, in the light of the particular circumstances, there was probable cause to believe that the person subject to the search was engaged in criminal conduct. If the showing of probable cause meets federal standards, even though it involves only a state crime, the search and seizure were lawful.

██ Appellant next contends that probable cause to suppose that she was in violation of state law has not been established under federal standards for the reason that the affidavit upon which the warrant was issued was upon information and belief, and that the sources of information were not disclosed. The affidavit reads:

"F. L. BOREN, being first duly sworn upon oath, deposes and says:

"That within his information and belief CORA GALENTI GIROUX, has in her possession and control a certain chemical or other prepara-

tion used for manufacturing cosmetics, machinery and/or equipment used for the manufacturing of cosmetics, also information showing an application for license in above address was made to the County and denied, and that a certificate of doing business under a fictitious name is now on file in the Clerk's Office and that advertisements subsequent to above have appeared in local magazines and newspapers, all records showing business transactions and customers, at Rt. #1, Box #155, Tomiyasu Lane, Las Vegas, Nevada.

"WHEREFORE, Affiant prays that a Search Warrant may issue for recovery of said property, and, if found, that it may be brought before a Magistrate to be preserved as evidence and disposed of according to law."

Unquestionably, the affidavit is poorly drawn. Nonetheless, in our judgment it meets federal standards for the issuance of a warrant. The first allegation respecting the matter in appellant's possession is upon information and belief without stating the facts upon which that belief is based or revealing the sources of information and evidencing their reliability. By itself it would, therefore, be insufficient to establish probable cause for the issuance of a warrant. See Jones v. U. S., 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Nathanson v. U. S., 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). Cf. Giordenello v. U. S., 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1957).

The remaining allegations, however, provide adequate grounds for the magistrate's approval of the request for a warrant. Although on their face they appear to have been on information, we find that they can be reasonably read only as asserting knowledge gained from official or public sources the reliability of which, in this context, is unquestionable. Even if they are construed as not referring to any personal knowledge of the affiant, the documentary nature of the facts about which the affiant was informed constitutes the requisite substantial basis for crediting the information under Jones and assures the essential independent determination by the magistrate of the probability that the law was being violated on the premises the search of which was requested. Compare U. S. v. Ramirez, 279 F.2d 712 (2 Cir. 1960).

■ Appellant contends that the warrant and affidavit both are defective in failing to specify sufficiently the place to be searched and the things to be seized.

We cannot agree. The precise address to be searched was given. The warrant specified "a certain chemical or other preparation used for manufacturing cosmetics, machinery and/or equipment used for the manufacturing of cosmetics," and "records showing business transactions and customers." This is sufficiently specific.

■ Appellant's final objection to the introduction of the cosmetics case and its contents is that the articles seized were not subject to search and seizure as merely evidentiary in nature, relying on U. S. v. Lefkowitz, 285 U.S. 452 (1932) which states at pages 464–465, 52 S.Ct. 420, at page 423, 76 L.Ed. 877, that evidence " * * * wanted by the officers solely for use as evidence of crime of which respondents were accused or suspected. * * * could not lawfully be searched for and taken even under a search warrant issued upon ample evidence and precisely describing such things and disclosing exactly where they were." See also Gouled v. U. S., 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). The court, however, distinguishes between merely evidentiary materials which are not admissible and instrumentalities or means by which a crime is committed which may validly be seized. See, e. g., Harris v. U. S., 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Marron v. U. S., 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). The cosmetics case and the cosmetics it contained fall into the latter category because they con-

stituted means by which the suspected crime of operating an unlicensed cosmetics business was committed.

Appellant contends that the court, in trial, committed error.

First, appellant sought to perform her rejuvenation process upon a witness to demonstrate its merit and harmlessness. The court refused to permit this.

■ By appellant's own statement, the experiment would have required at least two weeks before the results could have been appraised, and it might have required up to four months before any satisfactory appraisal could be made. Appellant's offer thus presented the court with undue delay and confusion on the one hand and inconclusive results on the other. Appellant did offer witnesses who testified to the merit and harmlessness of the process, and thus was able to present her factual contentions to the jury. Under these circumstances it was neither error nor abuse of discretion to refuse to permit the experiment to be performed in court. See generally 4 Wigmore on Evidence (1940 Ed.) §§ 1154a, 1160; McCormick on Evidence (1954 Ed.) § 182.

■ The court also refused to permit appellant's counsel to testify to an experiment conducted by himself. On the second day of trial he had applied some of the purple solution, then in evidence, to the back of his hand. Later, counsel both for appellant and for the United States permitted an expert Government witness to apply the liquid to their wrists. Counsel for appellant was permitted to testify as to his sensations in connection with the later application, but not in connection with the earlier.

We perceive no prejudice from this ruling. Further, we find neither error nor abuse of discretion. The later application was openly made in the presence of the jury and under court control. The earlier was not. Under these circumstances the court was justified in confining the testimony to the later application.

■ ■ Following the testimony of appellant's counsel just mentioned, the court called back the Government's expert witness to question him as to counsel's testimony. Appellant assigns this as prejudicial misconduct.

We cannot agree. The trial court has wide discretion to call and examine witnesses in the interests of justice and the ascertainment of truth. U. S. v. Browne, 313 F.2d 197 (2 Cir. 1963); see 9 Wigmore on Evidence (1940 Ed.) § 2484. The judge's questioning was intended to cast light on testimony as to the nature of the physical sensations induced by use of appellant's preparation. No contempt for appellant's case was revealed. The judge properly instructed the jury to disregard his comments and not to infer his opinion from his questions, thereby preventing his participation in the case from being prejudicial to appellant.

■ Finally, appellant contends that the deputy clerk of court, who, throughout the trial, administered the oath to witnesses, was not qualified to administer oaths since she was but nineteen years of age. We find no merit in this contention. Nevada Revised Statutes 129.010 provides:

"Females of the age of 18 * * * shall be, to all intents and purposes, held and considered to be of lawful age."

Appellant has referred us to no federal provision under which the deputy clerk was disqualified by age from acting in an official capacity. See 28 U.S.C. §§ 751, 956.

Affirmed.