The **UNITED STATES** of America,
Plaintiff,

v.

Peter Reuben **ORTIZ** and Scott Allen
Noland, Defendants.

**Crim. A. No. 69–CR–353.**

United States District Court,
D. Colorado.

April 15, 1970.

James L. Treece, U. S. Atty., and Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo., for plaintiff.

George J. Strate, Denver, Colo., and Maurice F. Fox, Wheatridge, Colo., for defendant Peter Reuben Ortiz.

Arnold Alperstein, Lakewood, Colo., for defendant Scott Allen Noland.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This case is before us on defendants' motions to suppress evidence which was obtained as the result of an allegedly unlawful search and seizure. On March 11, 1970 an evidentiary hearing was held in this court and written briefs have been submitted by the attorneys for both defendants as well as by the United States. The issues presented by the motions now stand submitted and are ready for resolution.

Briefly, the facts relevant to these motions to suppress are as follows: On October 31, 1969, a search warrant was issued by a United States Commissioner authorizing the search of

> the premises known as a Mountain Cabin, approximately 1.9 miles south of the intersection of Highway #40, and the road leading into Hyland Hills development area. (See attached map)

The attached map sketches Highway #40 and the road leading to Hyland Hills Development Area. It includes a notation of cabins along the Hyland Hills road and various distances between these cabins and other landmarks. It indicates that the subject cabin (point #8 on the map) is approximately .3 miles from the surveillance cabin (point #7 on the map), and is described as "a single story white wood frame mountain cabin consisting of two rooms with a front and rear entrance." The property to be seized is described in the warrant

as "dangerous drugs, phenyl-2-propanone and other chemicals and equipment used in the manufacture of methamphetamine or other depressant or stimulant drugs."

The above warrant was issued pursuant to a sworn affidavit of John M. Zienter, an agent for the Bureau of Narcotics and Dangerous Drugs. This affidavit discloses that Agent Zienter had met with defendant Noland several times, and on these occasions had discussed a sale of phenyl-2-propanone, a precursor for the manufacture of methamphetamine, by Agent Zienter to Noland. The affidavit further states that on October 24, 1969, Zienter met Noland and they drove to a mountain location near Bergen Park, Colorado, where they proceeded to dig up three bottles of phenyl-2-propanone and five beakers. They then proceeded to the cabin in question on the Hyland Hills road and deposited the bottles and beakers. Noland requested that Zienter bring to the cabin later that night nine more bottles of phenyl-2-propanone, along with other materials. On October 26, 1969, Zienter returned with the requested chemicals. On October 30, 1969, Noland informed Zienter that he planned to go to the cabin that weekend (November 1–2, 1969) and manufacture methamphetamine.

A second warrant was issued on November 2, 1969, describing the property to be searched as

> An out-building known as an outdoor toilet on the premises known as a Mountain Cabin, approximately 1.9 miles south of the intersection of Highway #40, and the road leading into Hyland Hills development area. (See attached map)

The attached map is identical with the map attached to the first warrant described above. Also, the property to be seized is described in the same manner as in the first warrant.

As in the case of the warrant to search the cabin in question, the out-building warrant was issued pursuant to a sworn affidavit of Zienter, which affidavit restated the same facts contained in the preceding affidavit with the following additions: On November 2, 1969, the first warrant was executed. While approaching the cabin Agent Zienter looked through an open window into the out-building and observed a clear glass bottle containing a substance which had the appearance of methamphetamine.

 The motions to suppress of defendants Noland and Ortiz are virtually identical. The essence of the attack on the warrants is: (1) The first search conducted on November 2, 1969 of the cabin was a "no knock" search in violation of 18 U.S.C. § 3109; (2) the first search warrant was not executed in accordance with its terms because the search was not conducted during daytime; (3) both warrants insufficiently described the premises to be searched and the property to be seized; (4) the constitutional requirement of probable cause was not met with respect to either warrant; and (5) the allegation in the second affidavit that a bottle had been seen in the out-building through a glass window is false because of physical impossibility and hence it voids the warrant issued pursuant thereto. Defendants also contend that the returns on the warrant are invalid because of a discrepancy as to when the warrants were executed and when the returns were made. This last contention has been disposed of adverse to defendants at the hearing. The evidence clearly established that a mistake was made as to the dates of execution and return on the return. Accordingly, the government was given leave to amend the return so as to state the proper dates.[1]

---

1. It is questionable whether the defendants had any legal right to use the mountain cabin during the weekend when the search was conducted. As trespassers they would, therefore, have no right to raise the validity of the searches and seizures in question. However, we assume for purposes of this opinion that defendants could properly raise the issues herein since we have concluded that their claims are without merit.

We fully agree with the defendants that 18 U.S.C. § 3109 requires that an officer give notice of his authority and purpose before entering a house. See Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968). However, based upon the evidence presented at the hearing before this court, we find that the above requirements were met. The search of the mountain cabin was, it is true, conducted early in the morning. It was a daytime warrant. Agent Zienter testified that he and Agent Orton approached the cabin and Agent Orton knocked on the door, identified himself, and announced that he had a search warrant. Defendants were admittedly asleep and their testimony that they heard no knock or statements by the agents does not establish that the agents did not comply with the requirements of 18 U.S.C. § 3109. The federal statute also requires that the officer be denied admittance before breaking into a home. This does not, however, mean that an affirmative refusal is necessary. Masiello v. United States, 115 U.S.App.D.C. 57, 317 F.2d 123 (1963). In the present case the federal agents received no response to their knock and announcement of authority. We find that ample opportunity was given to defendants to voluntarily admit the agents prior to the forcible entry. There is a dearth of evidence to establish that the knock was merely a matter of form.

Defendants' second contention is that the search of the cabin was conducted prior to sunrise and hence violated the terms of the warrant which called for a day-time search. The evidence presented shows that at the time the search was conducted there was sufficient light to recognize a man's features or to read the warrant. Under the authorities, this is sufficient light to constitute a day-time search. *See, e. g.,* United States v. Woodson, 303 F.2d 49 (6th Cir. 1962).

The third argument of the defendants is that both warrants insufficiently describe the premises to be searched because: (1) The warrant itself contains an insufficient description of the cabin to be searched without incorporation of the map, and that the phrase "see attached map" is legally insufficient to effectuate an incorporation by reference; (2) even with the map, the description does not name the owner or defendant and is too vague to pinpoint the specific cabin to be searched. We disagree with both of these contentions. To incorporate documents into the warrant for purposes of identifying the premises to be searched, it is sufficient if the attachment and the warrant constitute one complete document—that they are physically connected and the warrant expressly refers to the attachment. *See* United States v. Meeks, 313 F.2d 464 (6th Cir. 1963). Furthermore, there is no need to include the owner's or defendant's name on a search warrant that otherwise sufficiently describes the premises to be searched. Dixon v. United States, 211 F.2d 547, 549 (5th Cir. 1954). A description of the premises is sufficient if it enables the officer readily to find it. Townsend v. United States, 253 F.2d 461 (5th Cir. 1958).

We find that the description contained in the first warrant, along with the supplemental information on the map, sufficiently described the premises to be searched. Mountain cabins ordinarily have no specific address number and must be identified by a description of the physical features of the cabin and its general location. We do not deem it necessary for the warrant to incorporate the United States Geological Survey map or to contain a legal description of the property. Furthermore, with respect to the description of the out-building contained in the second warrant, we know of no other way to specifically describe such a structure than as was done in this case—by an indication that the premises to be searched is an out-building, known as an outdoor toilet, along with a specific description of its location and the cabin with which it is associated.

We also conclude that the description of the property to be seized which is contained in both the first and second warrants is adequate to meet the requirements of the fourth amendment. *See, e. g.,* Smith v. United States, 321 F.2d 427 (9th Cir. 1963).

 Defendants finally claim that both affidavits are insufficient on their face to support a finding of probable cause, and that even if the second affidavit is sufficient on its face, evidence may be introduced to show that certain statements contained therein are false. We note that both affidavits in question contain a detailed statement by Agent Zienter of his personal contacts with defendant Noland and the specific facts which led him to believe that property described in the affidavit could be found on the premises to be searched. There is no basis for the defendants' contentions that the affidavits on their face do not contain the requisite specificity or that the information supplied by them is insufficient to support a finding of probable cause for the issuance of the warrant.

 We may assume for purposes of this case that it is permissible for defendants to present evidence at a hearing on motion to suppress in order to show that certain statements in the affidavit were false. *See* United States v. Roth, 391 F.2d 507 (7th Cir. 1967). Defendants claim that the warrant involving the out-building states that at the time the first warrant was executed, agents looked through the out-building window and saw a glass of methamphetamine, and that it is impossible for them to have seen such a glass through the out-building window. We find from the evidence presented at the hearing that Agent Zienter could have seen the items in question through the out-building window.

For the foregoing reasons, the motions of defendants to suppress the evidence which resulted from the search of the cabin and out-building in question should be and the same are hereby denied.