**UNITED STATES of America**

v.

**Stanley COBB, Appellant.**

**No. 24253.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 13, 1971.

Decided Sept. 24, 1971.

---

Mr. C. Robert Zelnick, Washington, D. C., with whom Mr. Francis H. Craighill, III, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN and MacKINNON, Circuit Judges, and GOURLEY*, Senior District Judge for the Western District of Pennsylvania.

PER CURIAM:

On this appeal from jury convictions on two counts of second-degree murder (22 D.C.Code § 2403), the principal claim of error is that certain exculpatory statements made by appellant to the police at the scene of the crime should have been excluded because they were not preceded by the appropriate warnings. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Two employees of a restaurant were stabbed to death during the early morning hours after the restaurant was closed. Appellant, a third employee, had called the telephone company to say that he had been injured by four intruders; and it was this call that sent the police

* Sitting by designation pursuant to Title 28 U.S.Code Section 294(d).

to the scene. When they arrived they found, in addition to the two bodies, appellant lying on the floor suffering from apparent knife wounds. When asked what had happened, appellant said that four men had come into the restaurant and attacked the three employees present. The police investigation of the scene continued for some time, including a complete search of the building to try to locate the assailants described by appellant. The medical examiners were summoned to look at both the dead persons and appellant. Eventually the police, having been unable to find any indication that there had been anyone in the building except the three employees, concluded that there was probable cause to arrest appellant. Upon being so taken into custody, the *Miranda* warnings were given.

It is argued that custody, within the meaning of *Miranda,* attached from the first moment of the entry of the police on the scene and that, accordingly, everything that appellant said thereafter was excludable by reason of the failure to warn. We note, however, that appellant had already volunteered the essentials of his story in his telephone call for help. The police, responding to that call, were justified in thinking of him as a victim, not a suspect; and their inquiries were investigative, as distinct from being designed to elicit admissions of guilt from a known suspect.

There are, as is usually the case, facts which, in isolation, look in different directions. But the picture that emerges from the whole is that of a police response to a bizarre situation, which response was not patently illegitimate in its assumption that appellant was himself the object of a crime and not its perpetrator. As the investigation proceeded, that assumption became increasingly dubious, but this does not convert the earlier efforts to obtain information into a relationship which required warnings before those efforts could properly be made.

The line between custodial arrest, on the one hand, and unfocused investigation, on the other, is not, as this court has recognized, always easily drawn. *Allen v. United States,* 129 U.S.App.D.C. 61, 63–64, 390 F.2d 476, 478–479 (1968). But the appellant's apparent effort in this case to cast himself in the role of a victim makes this case not only unique but readily assimilable to the non-*Miranda* pattern. We have examined the record with care, and we are satisfied that the trial judge committed no error when, after holding an evidentiary hearing on the motion to exclude, it ruled that the situation was not that of the custodial questioning upon which *Miranda* is explicitly premised.

The only other error asserted by appellant relates to a trial incident involving a photograph found in appellant's wallet. It depicted appellant holding a knife in a menacing manner. The trial court refused to allow the prosecution to make this photograph a part of its direct case. After that case was complete, appellant asked the court to rule that under no circumstances would it permit the photograph to be used in cross-examining appellant if he took the stand in his own defense. The court asked for some indication of the nature of appellant's proposed testimony, but none was supplied. Under these circumstances the court said that it would not make any such advance ruling. We find the court's position in these circumstances perfectly reasonable, and we are unimpressed with appellant's claim that reversal should flow from his failure to testify without the protection of the requested ruling.

Affirmed.