UNITED STATES of America
v.
Charles R. HONESTY, Appellant.

UNITED STATES of America
v.
Lucille C. JEFFERSON, Appellant.
Nos. 24309, 24310.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 27, 1971.

Decided Dec. 10, 1971.

**1280**

Mr. Robert S. Perkins, Washington, D. C. (appointed by this court) for appellant in No. 24,309.

Mr. Frank B. Tavenner, Washington, D. C. (appointed by this court) for appellant in No. 24,310.

Mr. Robert S. Tignor, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and John F. Evans, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

Charles Honesty was indicted for first degree murder, assault with a dangerous weapon, and carrying a dangerous weapon. Mrs. Lucille Jefferson was charged as an accessory after the fact to the crime of assault with a dangerous weapon. Upon completion of the Government's case the trial judge granted defendant Honesty's motion for a judgment of acquittal on the first count. Honesty was subsequently found guilty by a jury of second degree murder, and both he and Mrs. Jefferson were found guilty on the remaining counts. Both defendants appeal their convictions here.

At about 7:30 p.m. on June 21, 1969 Mr. Eddie Zimmerman, resident maintenance man of the apartment complex in which the defendants and Mrs. Jeffer-son's thirteen-year-old daughter lived together, ejected several children from the apartment's laundry room in order to lock it up. One of the children he ejected was Mrs. Jefferson's daughter, who returned with her mother ten to twenty minutes later. Mr. Zimmerman was standing next to a parked car talking with a Mr. Goodwin when Mrs. Jefferson accosted him, grabbed him by the collar, and asked why he had forced the children to leave the laundry room. Zimmerman pushed her away while they exchanged angry words, and Honesty, who was now about ten feet away, asked "Why did you push my wife?" Appellant Honesty testified that Zimmerman took out a knife (this testimony was corroborated only by Mrs. Jefferson's daughter, and no knife was ever found) whereupon he shot Mr. Zimmerman.

Mr. Goodwin ran to the Zimmerman's apartment and returned with Zimmerman's brother, David Zimmerman, who confronted Honesty with a tear gas gun he brought along. David Zimmerman and Mr. Goodwin then assisted Eddie Zimmerman back to the apartment, where David exchanged the tear gas gun for a sawed-off shotgun and started back outside to "frighten [Honesty] off." Grabbing Mrs. Jefferson and using her as a shield, David Zimmerman advanced toward Honesty with the shotgun as Mrs. Zimmerman shouted that the police were coming. Honesty departed; Zimmerman released Mrs. Jefferson; and both appellants were observed by a Mrs. Murray running from the scene.

Shortly after 8 p.m. several police officers, responding to reports of the shooting and additional information about the present location of the assailant, knocked at the door of the appellants' apartment and identified themselves. Mrs. Jefferson appeared at the door and as the officers explained that the person involved in the shooting was reported to be in the apartment Mr. Goodwin, arriving with other officers, identified Mrs. Jefferson. The officers then entered the apartment over Mrs.

Jefferson's protests and when two of them approached the bathroom she attempted to physically restrain them from opening the door, claiming her daughter was bathing. The officers entered and apprehended Honesty as he stood with shaving cream on his face and his heavy beard partially shaven. A police sergeant then present ordered the arrest of Mrs. Jefferson as an accessory after the fact, and the *Miranda* [1] warning was read to her. As she prepared to go to the police station with the arresting officers, her purse was searched and the pistol subsequently identified as the one used in the shooting was found inside. Upon arriving in the street Mrs. Jefferson began to resist and the police officer in charge determined that a potentially explosive situation in the neighborhood could best be avoided by releasing Mrs. Jefferson and by merely issuing a summons to her to appear in the future. She was arrested pursuant to a warrant two days later.

■ Appellant Honesty contends that the discovery of the pistol was the result of an illegal search and his motion to suppress its introduction was improperly denied. This court has recently discussed the problems and requirements of a warrantless, unconsented entry into the home of a suspected felon in our *en banc* decision Dorman v. United States, 140 U.S.App.D.C. 313, 435 F.2d 385 (1970). We find *Dorman* controlling on the facts of this case: (1) The police were in reasonably hot pursuit (the entry into the apartment was approximately twenty minutes after the shooting). (2) The offense was a serious crime of violence committed by a suspect who could reasonably be expected to still be armed. (3) The identity of the suspect was not seriously in doubt, and Mr. Goodwin's identification of Mrs. Jefferson in the doorway provided ample justification for a belief that Mr. Honesty was in the apartment. (4) The appellants' flight from the scene of the incident established the likelihood that the suspect might escape if not swiftly apprehended. Finally, (5), though Mrs. Jefferson protested their entry, there is no evidence that the police entry into the apartment was forcible. With these conditions satisfied, the search for and arrest of appellant Honesty clearly met the *Dorman* test of legality. Appellant Jefferson's attempts to impede this search provided the grounds for arresting her an an accessory after the fact, and she was arrested on this charge while in the apartment. She was informed that she was under arrest, and the *Miranda* warning was read to her. The search of her purse prior to taking her downstairs to the squad car was clearly within the scope of a protective search and the gun was thus properly admitted. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The fact that the officers subsequently determined it to be wiser to release Mrs. Jefferson and to issue a summons neither vitiates the initial arrest nor invalidates the search incident thereto. The arrest had been made and the search was incident to it.

■ Appellant Honesty also contends that the flight instruction given by the trial judge was inadequate under Austin v. United States, 134 U.S.App.D.C. 259, 414 F.2d 1155 (1969), since his departure was motivated by Mr. David Zimmerman coming after him with a shotgun. However, the testimony of Mrs. Murray that both appellants ran from the scene of the incident after Mrs. Jefferson had been released and Mr. Zimmerman had left, coupled with the fact that when Mr. Honesty was apprehended he was in the process of shaving off his heavy beard, was sufficient to support an instruction on flight or concealment. The instruction actually given [2] clearly indicates that flight "may be motivated by a variety of factors," and amply lim-

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Transcript of trial, at 707–08.

its the jury's consideration of this evidence as only "one circumstance tending to show" a feeling of guilt. Though guilt may be inferred from such feelings, the jury was warned: "But, above all, . . . you should not presume guilt [from any evidence of flight]." We find no error in this instruction.[3]

■■ Appellant Jefferson raises as her principal argument that at the moment the police knocked on the apartment door she was in the position of one accused of a crime, and their failure to administer a *Miranda* warning to her immediately upon entry makes any statement or action she subsequently made inadmissible against her. A similar contention was recently rejected by this court in United States v. Cobb, 146 U.S.App.D.C. 69, 449 F.2d 1145 (1971) in which the appellant was initially thought to be one of the victims of the crime rather than its perpetrator. Here, too, we consider that Mrs. Jefferson was not the subject of a focused, custodial interrogation and the *Miranda* warning was therefore not required. The police entry into the apartment was in pursuit of Mr. Honesty, the alleged assailant of the decedent Mr. Zimmerman. When the police arrived at the apartment Mrs. Jefferson was neither accused nor suspected of having committed any substantive crime, and certainly not the crime of which she has been convicted. The basis for her conviction lies wholly in her attempts to block and otherwise interfere with the police search for Mr. Honesty at the apartment. These words and actions cannot reasonably be construed as having been in response to police interrogation. See United States v. Bekowies, 432 F.2d 8 (9th Cir. 1970); Bosley v. United States, 138 U.S.App.D.C. 263, 426 F.2d 1257 (1970). It was therefore not necessary to administer the *Miranda* warning prior to the time it was actually given upon her arrest as an accessory after the fact.[4]

The convictions are

Affirmed.

---

3. We find all of appellant Honesty's remaining contentions without merit. The trial court's handling of Honesty's motions for acquittal was within the scope of his discretion. His failure to advise the jury that he had granted appellant's motion concerning the first-degree murder charge before presentation of the defense case has not been shown to have prejudiced the defense, and the jury was properly instructed on second-degree murder before retiring to deliberate.

4. Mrs. Jefferson was not improperly denied severance at trial. In United States v. Wilson, 140 U.S.App.D.C. 220, 434 F.2d 494 (1970), we held that a defendant must demonstrate a high probability of prejudice to justify appellate reversal of the trial court's exercise of discretion in denying a motion for severance. The trial judge here diligently exercised his responsibility to keep the evidence and issues separated, both during the course of the trial and in his instructions to the jury. Compare United States v. Frazier, 394 F.2d 258 (4th Cir. 1968) with Sims v. United States, 132 U.S.App.D.C. 111, 405 F.2d 1381 (1968). Mrs. Jefferson's remaining contentions are meritless.