**UNITED STATES of America**

v.

**William THOMPSON, Appellant.**

**No. 71–1169.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 7, 1972.

Decided May 10, 1972.

Rehearing Denied June 15, 1972.

---

Miss Selma M. Levine, Washington, D. C. (appointed by this Court), with whom Mr. Keith S. Watson, Washington, D.' C., was on the brief, for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and Edwin A. Williams, Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., present U. S. Atty., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

The principal question which is presented here by a most able brief on behalf of appellant is whether certain statements by the accused should have been suppressed because they were the result of a police interview that should have been preceded by *Miranda* warnings. Appellant contends that the investigation had focused sufficiently upon him as a suspect to require such warnings. Initially appellant had claimed he was a victii of the roberry along with the complaining witness. Later, in describing the event to police, while being interviewed in his own home, he made certain statements that incriminated him.

The panel is in agreement on affirmance of the conviction. Judge Fahy concludes that the statements objected to were not made at a point in the investigation which brought Thompson within the protection of *Miranda*. We are in agreement with this conclusion but would also point out that appellant's re-

liance on *Miranda* is weakened because of the non-custodial character of the interrogation. It is essential that we not forget the definition in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966) of "custodial interrogation." In that opinion, Chief Justice Warren remarked:

> By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.[4]

4. This is what we meant in *Escobedo* when we spoke of an investigation which had focused on an accused.

384 U.S. at 444, 86 S.Ct. at 1612. In Allen v. United States, 129 U.S.App.D.C. 61, 64, 390 F.2d 476, 479 (1968), we also noted that:

> We think some inquiry can be made as part of an investigation notwithstanding limited and brief restraints by the police in their effort to screen crimes from relatively routine mishaps.

We cannot here conclude that the interviewing of appellant by the police amounted to custodial interrogation.

We were faced with a problem similar to that presented here in our recent decision in United States v. Cobb, 146 U. S.App.D.C. 69, 449 F.2d 1145 (1971) where one involved in a crime started out claiming himself to be a victim and wound up later to be a suspect and finally a defendant. In such circumstances we cannot require the police to disbelieve an individual's story which he repeatedly insists is truthful. (Actually appellant still so insists.) In such cases the police are to be commended for fully checking out all leads rather than arriving at a premature conclusion of guilt. Some suspects are absolved when their story is fully investigated. Some suspects are also good actors and bearing in mind that the police must prove their case beyond a reasonable doubt, they should not be blamed for leaving no stone unturned before they arrive at the vary serious decision to charge a person with the commission of a serious felony.

They should not be placed in the position of practically being required to accuse every person they interview who has any close knowledge of a crime.

We do not consider that the other points raised necessitate discussion.

Affirmed.

FAHY, Senior Circuit Judge (concurring):

I have no problem in this case as to the sufficiency of the evidence, the appropriateness of the joint trial with Clarence Watts, Jr.,[1] or as to any other matter except the one to be mentioned.

There is the question whether defendant's statements to the police were erroneously admitted in evidence in the absence of compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). This problem arises here in the context of statements by one who posed as the victim of the person he was charged with aiding and abetting, but came under suspicion while the police were investigating the case. It was during their following up of this suspicion that the statements were made.

The statements were not objected to when the officer testified about them. Moreover, at the close of all the evidence when the objection was made, the statements sought then to be suppressed were not clearly specified. The motion to suppress was directed to

> any testimony or evidence or any inferences from the record concerning any aiding and abetting on behalf of defendant Thompson, because I don't believe that at any time the record demonstrates that at any point of the investigation, whenever it was he became a suspect, he was ever advised by anyone of his constitutional rights. As a matter of fact the evidence is to the contrary. He apparently cooperated with the police at each juncture

of the proceedings, always with the impression that he was a witness to an offense, and then suddenly after there has been total cooperation with no comment or no statement at any time by any investigating officers that in fact he was a suspect—and according to [the victim] he was a suspect from the very first instant of his talking to the policemen on the night of the particular offense.

The court overruled the motion on the theory that the statements were not a "confession," but "were simply statements that turned out to be, it is alleged by the Government, contradictory statements, self-contradicted ones." Such statements, used by the prosecution in aid of its case, are subject to the Miranda rule. As pointed out by counsel for appellant Miranda holds:

> [N]o distinction may be drawn between inculpatory statements and statements alleged to be merely "exculpatory." If a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution. In fact, statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication. These statements are incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver required for any other statement.

384 U.S. at 477, 86 S.Ct. at 1629. See also Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897).

I concur in affirmance, however, because it does not appear that the statements objected to were made at a point in the investigation which brought Mr. Thompson within the protection of Miranda.

---

1. In No. 71–1284 in this court.