**UNITED STATES of America,
Plaintiff,**

v.

**George C. DUDLEY, Jr., Defendant.**

**Crim. No. 47228.**

United States District Court,
E. D. Michigan,
S. D.

Oct. 16, 1972.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., for plaintiff.

Edward Grebs, Detroit, Mich., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

KAESS, Chief Judge.

Pursuant to a valid bench warrant, which was issued for defendant's failure to appear at trial, on a charge of unlawful possession of firearms, federal agents went to defendant's residence to arrest him.

Upon their arrival at defendant's residence, the agents rang the doorbell and knocked loudly. When no one answered,

they knocked again. Finally, Mrs. Dudley asked over the intercom who was there. She was told it was "Federal officers with an arrest warrant for George Dudley". Mrs. Dudley answered that George was not there. She was told that she would still have to open the door since the agents intended to search the house for Dudley. Mrs. Dudley told the agents to wait a minute. After waiting two minutes, they knocked again and demanded entry. No response was received. After waiting one more minute, they broke into the outer door of the house. Mrs. Dudley let them in through the inner door.

According to the Government, a search for Dudley was immediately begun. A rifle was found leaning against a bedroom wall. Almost simultaneously, another rifle was found in a closet on the main floor. A .38 caliber bullet was found on the stairs, and some suspected heroin was found in an upstairs bedroom, which later proved not to be heroin.

At this point, the search for Dudley ceased, and one of the agents left to procure a search warrant. The search warrant was issued, and a thorough search of the house was conducted. Nine other firearms were discovered during the search.

On the other hand, the defendant contends that the entire search of the premises was carried out prior to the procuring of the search warrant. He claims that the search included drawers, closets, and under the furniture. On May 17, 1972, defendant was indicted by the Grand Jury for violation of § 1202(a)(1), Title 18, Appendix, U.S.C.

 It is the finding of the Court at this stage of the proceedings that the search and seizure took place as related by the Government agents. Defendant's allegations that a thorough, exploratory search took place before a warrant was obtained are without merit.

 It appears that the original entry of the agents into the house was lawful in all respects. Arrest procedure in Federal cases is governed by state law

in the absence of any Federal statute to the contrary. United States v. Wood, 341 F.2d 103 (6th Cir. 1965). The applicable Michigan statute provides as follows:

"To make an arrest, . . . a peace officer with a warrant . . . may break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be if, after he has announced his purpose, he is refused admittance."

 It appears that the present case comes within the meaning of this statute. Refusal of admittance is not limited to affirmative denials. United States v. Harris, 391 F.2d 384 (6th Cir. 1968); United States v. Chambers, 382 F.2d 910 (6th Cir. 1967). Under the circumstances established in the instant case, the agents were justified in breaking in the outer door. They were admitted freely through the inner door. The agents were not required to wait a lengthy period of time, while evidence was destroyed or escape effectuated. United States v. West, 328 F.2d 16 (2nd Cir. 1964). All that is required is that they wait a reasonable period of time after announcing their presence and purpose. *West, supra.* A failure to promptly open the door is in effect a denial of entry.

 Of course, once the agents are legally in the house, they have a right to search the house for the defendant. Lane v. United States, 148 F.2d 816 (5th Cir. 1945). They are not required to believe a third party when she tells them the defendant is not there.

 If any weapons, narcotics, or other contraband are observed in plain view while the agents are searching for the defendant, they may be seized. United States v. Thweatt, 140 U.S.App. D.C. 120, 433 F.2d 1226 (1970); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

 Furthermore, the discovery of weapons or apparent narcotics in plain sight under the present circumstances is certainly sufficient probable cause to form the basis for the issuance of a search warrant. The .38 caliber bullet

indicated that a .38 caliber weapon might also be on the premises. The presence of a quantity of apparent heroin and weapons indicated that the house might be used as a sales outlet for heroin. This certainly would warrant a further search for any additional drugs. Thus, it appears that there was probable cause for the issuance of the search warrant.

Defendant claims that the affidavit upon which the search warrant was issued was directed against the premises of no certain person. This is, in fact, not true, as the affidavit clearly states:

"1. That on September 22, 1971, a Bench Warrant for the arrest of George C. Dudley, Jr. in Criminal Action No. 45273, United States District Court, Eastern District of Michigan, was issued.

2. The defendant's last known address, and that which was supplied by his attorney, was 1410 Atkinson, Detroit."

Defendant also claims that the affidavit upon which the search warrant was issued was directed against no named person. However, a search warrant does not have to be directed against a named person, where it is a building which is being searched. United States v. Bell, 17 F.R.D. 13 (D.C.D.C.1955); United States v. Ortiz, 311 F.Supp. 880 (D.C. Colo.1970); Dixon v. United States, 211 F.2d 547, 549 (5th Cir. 1954). All that is necessary is a description of the premises which is sufficient to enable the officer to identify and readily find it. Towsend v. United States, 253 F.2d 461 (5th Cir. 1958).

Finally, defendant argues that the warrant was insufficient on its face, and that the property seized was not particularly or sufficiently described by the warrant. The Court does not agree. The fact that none of the items described in the search warrant were used as a basis for defendant's indictment on the firearms charge does not warrant their suppression. In the present case, there was a valid search warrant.

If, in the course of the search, articles not named in the search warrant are discovered, they can be seized. Schutz v. United States, 432 F.2d 25 (10th Cir. 1970); Dudley v. United States, 320 F.Supp. 456 (N.D.Ga.1970).

Even if it could be said that defendant's version of the search and seizure is worthy of belief, it appears that all of the evidence would still be admissible. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

In *Warden, supra,* police were informed that an armed robbery had occurred and that the suspect had thereafter entered a certain house. Minutes later, they arrived and entered the house in search of the suspect. Certain officers arrested respondent in an upstairs bedroom, while others simultaneously searched the first floor and cellar. One officer found weapons in a flush tank, another found clothing in a washing machine. This evidence was admitted, even though it was the product of a search without any warrant. The Supreme Court reasoned that only a thorough search of the entire house for persons and weapons would have insured that the police had control of all weapons which could be used against them or to effect an escape.

The present case appears to be similar to *Warden.* At the time of the search, the officers did not know if defendant was in the house. Defendant was wanted on a charge of unlawful possession of a firearm. Thus, there was every reason to believe that defendant might be armed. To protect themselves, the agents had every right to search for weapons which might be used by the defendant against them or to effect an escape.

In view of all these considerations, it is the finding of this Court that the evidence in question was legally searched for and seized, and it is ordered that defendant's motion to quash the search warrant and suppress evidence be, and is hereby, denied.