**Vincent S. HAWKINS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7341.**

District of Columbia Court of Appeals.

Argued April 15, 1974.

Decided May 9, 1974.

Alan B. Soschin, Washington, D. C., appointed by this court, for appellant.

David R. Addis, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and James E. Joyner, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

Having been convicted of possession of marijuana (D.C.Code 1973, § 33–402), appellant asserts as unlawful the entry by police into his home. They were executing an arrest warrant for appellant's brother who was charged with armed robbery. When the police arrived at about 8:00 a. m. in search of the brother, who also lived in the home, appellant asserted that his brother was not at home but at school. The police then entered and, while searching for the brother, observed the contraband in plain view.

Appellant's argument is that the police were bound to abandon their immediate intent to look for their subject at his residence, to accept as true the statement that he was at school, and to look for him there. No such requirement exists under these circumstances where it was reasonable to believe him to be at home. The brother was charged with a serious, violent crime. It was not unreasonable for the police to press the immediate search because appellant's statement may have been an effort to divert the search and facilitate escape or concealment.[1] *See generally* People v. Sprovieri, 95 Ill.App.2d 10, 238 N.E. 2d 115 (1968), aff'd, 43 Ill.2d 223, 252 N. E.2d 531 (1969); People v. Carter, 132 Ill.App.2d 572, 270 N.E.2d 603 (1971); United States v. Dudley, 352 F.Supp. 1140 (E.D.Mich.1972). It follows that the seizure was proper. *See* United States v. Thweatt, 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970); *cf.* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971).

The judgment of the trial court is

Affirmed.

1. *See* D.C.Code 1973, § 22–106 and United States v. Honesty, 148 U.S.App.D.C. 255, 257, 459 F.2d 1279, 1281 (1971).