## HACKERMAN *v.* STATE.

### (*Nashville,* December Term, 1948.)

Opinion filed July 9, 1949.

Rehearing Denied October 15, 1949.

W. E. Norvell, Jr., H. Frank Taylor, Norman R. Minick, Wm. N. Dearborn, C. D. Berry, all of Nashville, for plaintiff in error.

Nat Tipton, Asst. Atty. Gen., for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Marcus Hackerman, was convicted of lottery by means of a numbers game, and unlawfully carrying a pistol, with a fine of $1,000 and a 90-day jail sentence on the lottery charge, and a fine of $50 and a 90-day jail sentence for carrying a pistol; the two jail sentences to run concurrently.

. In June, 1947, Raymond Cannon, a constable of Davidson County, procured a search warrant from a judge of the General Sessions Court for the search of defendant's car. Armed with this search warrant, he stopped defendant's car on West End Avenue, in the City of Nashville, and there found a quantity of money, a large number of lottery tickets apparently sold to persons unknown, and other indicia used in lottery operations.

The search warrant is vigorously attacked, and its legality is before us for our determination. The affiant Cannon stated in the affidavit to the search warrant, that he had reason to believe defendant had in his possession

"gambling equipment, paraphernalia, adding machines, numbers tickets, numbers books, and other material used in conducting a lottery." The affiant further stated that "said gaming devices" were located in the automobile described therein. The information relied on for the issuance of the warrant was to the effect that defendant would meet certain Negro pickup men who would deliver to him lottery tickets and money for the day's work, which he (defendant) would then take home in his car. The search warrant reads, in part, as follows:

"Affidavit having been made by Raymond Cannon before the undersigned Judge of the Court of General Sessions of Davidson County, Tennessee, that Marcus Hackerman unlawfully has in his possession certain slot machine(s) or gaming device(s) employed and used for gaming, contrary to the laws of Tennessee, concealed in the premises described in said affidavit and also hereafter described in said warrant, which said affidavit is based upon information which Affiant has received from a reputable and reliable person whose name and identity has been disclosed to the undersigned Judge, *and which information is set forth in said affidavit.*

"This is therefore to command you to make immediate search of the following described premises: a 1947 green Pontiac automobile, bearing 1947 license No. 1-38952, including all the buildings, vehicles and outhouses at said address, and on said premises for said slot Machines and Gaming devices, and if you find same you will take possession and make due return of your doings in the premises as provided by law."

"This 19 day of June, 1947."

(Italics ours.)

The affidavit and the warrant appear on the same printed form which is generally used for apprehending those who possess gaming devices denounced by our statute. Defendant contends that there is a variance between the affidavit and the warrant itself. This contention is based on several unreported cases of this Court where it was held that lottery or numbers tickets, in themselves, do not constitute a gambling device. Defendant further contends that under the ruling of this Court the doctrine of *ejusdem generis* should be applied in construing the term ''gaming devices'' as used in the face of the warrant, and since the warrant does not by express provision incorporate the details of the affidavit, it is void.

In *Hampton* v. *State,* 148 Tenn. 155, 252 S. W. 1007, it was held that the affidavit is not a part of the warrant. The Court further observed that constitutional rights were involved and the requirements of the statute should in every material detail be held mandatory.

Defendant relies upon four unreported cases of this Court: *Wyndham* v. *State,*[1] Hamilton criminal; *Conley* v. *State,*[1] Hamilton criminal; *White* v. *State,*[1] Hamilton criminal (these three filed November 27, 1937); and *Keith* v. *State,*[1] Hamilton criminal (filed January 5, 1946). In all of these cases the facts were that the respective defendants were found to have in their possession pads, sheets of paper and similar articles that could in no sense, taken by themselves, be called gambling devices.

In the present case, the affidavit fully sets out the articles possessed by defendant, and his mode of operating his nefarious business. We cannot conceive how

---

[1]No opinion for publication.

the affidavit could be more complete and definite. The question here is whether any part of the affidavit can be looked to in determining the validity of the warrant itself.

In *Ellison* v. *State,* 186 Tenn. 581, 582-583, 212 S. W. (2d) 387, 388, this Court said: "Words should be given their natural meaning and interpretation, and simply because the instrument is a search warrant is no reason why we should look to possibilities of construction. See *Douglas* v. *State,* 144 Tex. Cr. R. 29, 161 S. W. (2d) 92."

Bearing in mind that this is a printed form generally used in gambling offenses, the warrant itself states, "and which information is set forth in said affidavit." While the language of the warrant does not expressly refer to the incorporation of the affidavit in the warrant proper, it does refer to the information possessed by the affiant. We think this reference is sufficient.

In *O'Brien* v. *State,* 158 Tenn. 400, 14 S. W. (2d) 51, the Court held that the description in the affidavit was made a part of the warrant by reference; and in *Minton* v. *State,* 186 Tenn. 541, 212 S. W. (2d) 373, the Court stated that the warrant did not adopt the description in the affidavit.

In the warrant before us definite reference is made to the information possessed by the affiant. Although not expressly incorporated in the warrant, we think such reference is sufficient to direct the attention of the person executing it to such portion of the affidavit as may be referred to in the warrant proper, and to authorize him to use the same to strengthen the inadequacy of the warrant itself. When this reference is made, we can then look to the whole instrument, and when this is done,

the case presents no difficulty and shows that defendant was guilty of violating our lottery statute (Williams' Code, Section 11302).

The cases referred to above holding that lottery tickets, themselves and standing alone, are not gambling devices where one may be prosecuted under the statute (Williams' Code, Section 11282) for their possession, are not authority for the proposition that they may not be seized under command of search warrants requiring the seizure of gambling devices.

In *Rosen* v. *Superintendent of Police,* 120 Pa. Super. 59, 61, 181 A. 797, 798, the Court said: "Money is not, ordinarily, itself an instrumentality of gambling. It may be, as when men gamble on the toss of a coin. But usually it is the stake or profit of gambling, not an instrumentality, device, or apparatus for gambling. Cards, dice, roulette wheels, slot machines, punch boards, certain kinds of boards or tables, lottery tickets, policy slips, 'numbers' books and slips are among the common forms of gambling devices and apparatus."

While we have no case in this State dealing with the necessity of a particular description in connection with the search and seizure of gambling devices, in *Lea et ux.* v. *State,* 181 Tenn. 378, 383, 181 S. W. (2d) 351, 352, this Court quoted from the annotation in 3 A. L. R. 1519, as follows: "Thus, where the purpose of the search is to find specific property, it should be so particularly described as to preclude the possibility of seizing any other. On the other hand, if the purpose be to seize not specified property, but any property of a specified character which, by reason of its character, and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description, save as to

such character, place and circumstances, would be unnecessary, and ordinarily impossible.''

In 47 Am. Jur., Searches and Seizures, Section 37, p. 524, it is said: ''A description of the property to be seized need not be technically accurate nor necessarily precise; and its nature will necessarily vary according to whether identity of the property, or its character, is the matter of concern. Further, the description is required to be specific only so far as the circumstances will ordinarily allow. Thus, under a statute authorizing searches for gaming apparatus or implements, it is not sufficient to describe the property as goods, wares, and merchandise, or as chattels generally; but a search warrant commanding the seizure of 'gambling implements and apparatus used, kept, and provided to be used in unlawful gambling' on certain premises and in a certain building, is sufficiently definite. So, in the case of warrants for smuggled goods or for lottery tickets, a general description is deemed sufficient.''

█ Under the above authorities we think the description of the thing to be seized in the warrant in this case is sufficient. The information in the affidavit was that lottery tickets and policy slips were in the automobile to be searched. This information had been referred to in the warrant proper. There was nothing left to the discretion of the officer as to the thing to be seized.

█ Defendant contends that the doctrine of *ejusdem generis* applies to this search warrant. This doctrine is a rule of statutory construction and is applicable usually in case of ambiguity of intent. Defendant further contends that the term ''gambling devices'' is general and not specific, and that being preceded by the words ''slot machines,'' it must be regarded as referring

to gambling devices of that character. This rule of construction is only applicable where the intent of the statute or the instrument under consideration is ambiguous and doubtful. We do not think such is the case here, and we do not interpret the term "gambling devices" to be limited to the meaning insisted on by defendant, but rather construe the term as it is generally used and accepted in everyday usage.

The maxim or rule of *noscitur a sociis* is broader than *ejusdem generis*. Under either of these rules defendant vigorously insists that the search was limited to slot machines, and the words "gambling devices" were limited to devices in the nature of or related to slot machines. The purpose of these printed search warrants, prepared by a skilled draftsman, was to direct the search for any kind of gaming devices denounced by statute. It is common knowledge that slot machines are not the only forms of gaming operating in Davidson County, or any other county in the State. Gaming is a popular sport and has too many angles to define. Suffice it to say here, we are of opinion that "gaming devices" mean any kind of articles, or collection of articles, commonly and ordinarily used in gaming.

We find no merit in the assignments of error and the judgment of the lower court is affirmed.

All concur.