**UNITED STATES of America,**
**Plaintiff,**

v.

**Karl GELDON, Defendant.**

**No. 73 Cr. 197.**

United States District Court,
N. D. Illinois, E. D.

April 25, 1973.

---

James R. Thompson, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Richard T. Sikes, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on defendant's motions for return of property and suppression of its use as evidence and for a bill of particulars. The motions are denied.

### I.

Defendant has been charged in fourteen counts for unlawfully dealing in firearms and unlawfully making, possessing and transfering specified firearms. On December 18, 1972 a search of defendant's residence was conducted and approximately twenty-six firearms and other articles were seized. A warrant had been issued by a United States Magistrate for the search of these premises.

In support of the motion for return of property and suppression of evidence, defendant contends as follows: (1) probable cause for the warrant did not exist in that the informant's reliability was not sufficiently established by the

affidavit upon which the warrant was issued; (2) certain property was seized for which there was no warrant; and (3) some of the seized property was not that which was described in the warrant. Although the motion is not clear on an additional point, it appears that at defendant's preliminary hearing defense counsel questioned the government agent whose affidavit was submitted for purposes of the warrant and based on that examination defendant now contends that certain statements in the affidavit were without factual basis.

■ The warrant was based upon an affidavit containing hearsay evidence from an informer. In Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1965), the Supreme Court stated that in order to base an affidavit on hearsay information, the magistrate must have knowledge of (1) the underlying circumstances from which the informant concluded that the sought-after goods were where he claimed they were and (2) the underlying circumstances from which the officer concluded that the informant was reliable. The instant challenge is directed at the issue of informant's reliability.

■ The reliability of the informant was sufficiently corroborated to sustain the instant warrant. The test is whether a substantial basis existed for crediting the hearsay testimony of the informant. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 723 (1971); Jones v. United States, 362 U. S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Here, the affidavit recited that on three separate occasions the informant had supplied reliable information to agents of the Bureau of Narcotics and Dangerous Drugs and that on each said occasion surveillance had corroborated his information. Defendant contends that affiant did not state he had personal knowledge and that he must have relied on the statements of other agents with respect to the reliability of informants. Granted that this is hearsay, the finding of probable cause

may rest on evidence not legally competent in a criminal trial (United States v. Ventresca, 380 U.S. 102, 107–108, 85 S. Ct. 741, 13 L.Ed.2d 684 (1965); Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)), and observations of fellow officers may be recited in an affidavit and provide a reliable basis for a warrant. *Ventresca, supra,* 380 U.S. at 111, 85 S.Ct. 741. In short, the magistrate may consider testimony that other officers had experienced the informant to be reliable. Contrary to defendant's assertion, it appears unnecessary to supply factual details upon which the conclusion of reliability is based. See Jones v. United States, 362 U.S. 257, 267, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960).

■ Additional circumstances were set forth in the affidavit that support affiant's conclusion that the informant was reliable. The affiant stated that while he had defendant's premises under surveillance the informant went there on November 30, 1972, purchased a sawed-off shotgun and delivered the same to affiant. The fact that affiant conducted his surveillance while stationed across the street from the premises and could not personally identify defendant Geldon at the preliminary hearing does not detract from that event as a corroborating circumstance. Furthermore, the informer delivered a white powder that allegedly was obtained from Geldon and contained barbituates. A field test of the substance established that it did contain barbituates. Such circumstances would certainly provide a substantial basis for relying upon the informer's statements.

■■ Defendant's motion for return and suppression also rests upon the fact that approximately twenty-six firearms were seized when the search warrant lists only nine guns. The degree of specificity required when describing the goods to be seized varies according to the circumstances and the type of items to be seized. Spinelli v. United States, 382 F.2d 871 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct.

584, 21 L.Ed.2d 637 (1969). Here the description was not impermissibly vague, since the discretion of the officers conducting the search was sufficiently limited.

The general rule is that only those items described in the search warrant may be seized. However, numerous exceptions have developed. In United States v. Zeidman, 444 F.2d 1051 (7th Cir. 1971) the search warrant described one weapon. Another weapon—a semiautomatic pistol with detachable holster-shoulder stock—was seized and that seizure was upheld on the ground that the weapon was a short barreled rifle and there was probable cause to believe that it was held in violation of 26 U.S.C. § 5841, which required that such weapons be registered. . See also 26 U.S.C. § 5861 which makes illegal the receipt or possession of an unregistered firearm. That case would provide authority for upholding the seizure of any weapons involved here which should have been registered pursuant to § 5841.

■■■ Furthermore, when the initial search is reasonable, it is permissible to seize evidence not described in the warrant, but which has a nexus with the crime under investigation. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 306–307, 87 S.Ct. 1642, 18 L. Ed.2d 782 (1967); United States v. Kane, 450 F.2d 77 (5th Cir. 1971), cert. denied, 405 U.S. 934, 92 S.Ct. 954, 30 L. Ed.2d 810 (1972); United States v. Mahler, 442 F.2d 1172, 1175 (9th Cir.), cert. denied, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971). Here, one of the crimes under investigation was illegal dealing in firearms. The additional guns seized have a nexus in that they would constitute evidence of inventory for the purpose of carrying out the crime.

In light of the foregoing, the motion to suppress and return the seized goods is denied.

## II.

■■■ The purpose of a bill of particulars is to provide defendant with information regarding the alleged crime sufficient to avoid surprise at trial and to enable him to plead the conviction or acquittal in bar of another prosecution. United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965).

■■■ Count I alleges that from on or about November 30, 1972 until on or about December 18, 1972, defendant did knowingly and unlawfully engage in the business of dealing in firearms. Numerous sales or offers to sell may be encompassed in a charge of engaging in the business of dealing in guns. Were defendant not informed of the period of time in which the government contends defendant was so engaged, considerable surprise might result at trial and defendant might have difficulty pleading the result here in bar of other charges of gun dealing. However, the alleged violation is claimed to have occurred in the short period of some nineteen days. Defendant's request for information on particular transactions and dates thereof is therefore denied. The defendant's request for disclosure of what items the government will contend were "firearms" is likewise denied since this constitutes evidentiary detail.

Similarly in Count II, where defendant is charged with engaging in business as a firearms dealer without having paid the occupation tax required by 26 U.S.C. § 5801, defendant's motion for disclosure of the acts that constituted engaging in business and the dates thereof is denied.

It is so ordered.