BOARDMAN, Judge
(dissenting).
With due deference to my fellow jurists, the Honorable Judge McNulty and the Honorable Judge Schwartz, associate judge, and because of the importance and significance that I place on the question involved in this case, I feel compelled to state my reason for differing w'ith the result reached by the majority opinion. ■'
Appellees were charged by information with possession of marijuana paraphernalia, in violation of the Florida Drug Abuse Law. The appellees filed a motion to suppress the evidence and attacked the sufficiency of the affidavit upon which the search warrant was based, the main thrust being that the said affidavit failed to include adequate allegations to establish probable cause for the search of a certain residence which was under the control and custody of appellees.
The said affidavit was made on May 21, 1973, by Douglas H. Carey, detective of the Police Department of the City of Clearwater. The pertinent part of the affidavit is set out here:
Affiant’s reasons for this belief are that in his capacity as a detective of the Clearwater Police Department, he had occasion within the past ten (10) days to supervise a controlled buy of marijuana wherein a reliable confidential informant was searched, given twenty dollars ($20.-00) in U. S. Currency, was observed entering the above described building and after a period of approximately fifteen (15) minutes the confidential informant was observed leaving the above described building and returning to the affiant, who again searched the confidential informant, who had in his possession one (1) baggie containing more than five (5) grams of suspected marijuana.
Based on a conversation with the confidential informant, affiant believes that other dangerous drugs are located in the above described building.
The trial judge granted the motion to suppress on the ground that the reliability of the confidential informant was not established in the affidavit supporting the search warrant. Further, the able trial judge reasoned that not having established the reliability of the informant, the affidavit failed for lack of an allegation that any more contraband was left on the said premises after the buy was made.
*8 The court is presented with the question of whether a controlled buy is sufficient to support the issuance of a search warrant. In my opinion the case of United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), is directly on point. In Harris, supra, the Supreme Court of the United States held that an allegation of previous reliability is not essential when supported by other information. See, also, Ludwig v. State, Fla.App. 3rd, 1968, 215 So.2d 898. The other information in Harris, supra, was a general reputation of the proprietor as a trafficker in nontax paid distilled spirits. In the case at bar, other information in the form of a controlled buy is available to corroborate what the affiant had been told by the confidential informer. See United States v. Geldon, N.D.Ill., 1973, 357 F.Supp. 735. In my view, the controlled buy of contraband, under the facts of this case, should be considered at least of equal dignity and weight as a general reputation of dealing in contraband. The facts stated in the affidavit were sufficient for the magistrate to determine the reliability of the informant and that probable cause did exist for the issuance of the search warrant. I believe that my conclusion reached in this case is consistent with and not in violation of the oft-cited Supreme Court cases of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Lastly, I cannot agree with the finding of the trial judge that the said affidavit is defective because it did not contain the* averment that any more contraband was left on the said premises after the buy was made. As was stated in Harris, supra, probable cause, and not proof beyond a reasonable doubt, is the test to be applied when considering whether a search warrant should be issued.
For the reasons above stated, I respectfully dissent from the majority opinion.