UNITED STATES of America, Appellee,

v.

Larry C. DAVIS, Appellant.

No. 76–1440.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1976.

Decided Oct. 8, 1976.

Certiorari Denied Dec. 6, 1976.
See 97 S.Ct. 537.

Stephen E. Safly, Little Rock, Ark., for appellant.

Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., for appellee; Wilbur H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief.

Before GIBSON, Chief Judge, and STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

Larry C. Davis appeals from his conviction by a jury of armed robbery of a federally insured bank in violation of 18 U.S.C. § 2113(d). Appellant contends that certain incriminating items should have been suppressed because they were seized during a search rendered illegal by a search warrant which was impermissibly general. Also he contends that inadmissible hearsay was admitted to prove the serial numbers on the stolen money and that his motion for judgment of acquittal at the conclusion of the government's case in chief because of insufficiency of the evidence should have been granted. We affirm the conviction.

The government's evidence showed that on January 23, 1976, a black male wearing a black hairnet over his face and carrying a small automatic pistol robbed the First National Bank in Little Rock, Arkansas. Approximately $5800 was taken. During the robbery one of the tellers placed a bait money package and a security package along with other currency in the robber's money sack. The bait money package was money that had been put aside with the serial numbers recorded. The security package contained stage money and electronic components which were designed to ignite and emit a red smoke when taken off the bank premises. The red smoke is of sufficient density to cause an indelible red stain on money and clothing. A teller from a Chicago bank testified that the appellant had purchased a cashier's check from her on January 28, 1976, using pink-colored money. Another Chicago bank teller testified that appellant came to her bank window on January 28, 1976, in an attempt to exchange what appeared to be laundered bills. During this latter transaction, FBI agents were called to the Chicago bank and upon their arrival, appellant was arrested. The next day, January 29, 1976, pursuant to a warrant, a search of appellant's Little Rock apartment was conducted and various incriminating items were seized. The search warrant and its alleged lack of particularity forms the basis of appellant's first contention.

The search warrant and affidavit were prepared by a special agent of the FBI who was involved in the investigation of the robbery. The warrant was submitted to and signed by a United States Magistrate. The warrant directed the seizure of a variety of items, among which was "$5,815.25, part of which is bait money." Appellant contends that this language is overly broad and violates the constitutional standard for particularity of description in a search warrant.

The Fourth Amendment prohibited "general warrants" in an effort to prevent exploratory rummaging in a person's belongings by requiring that a "particular description" of the thing tu be seized be stated in the warrant. *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *United States v. Johnson,* 541 F.2d 1311 (8th Cir. 1976). The degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved. *United States v. Johnson, supra.* As this court recently stated in *Johnson,* there is a practical margin of flexibility permitted by the constitutional requirement for particularity in the description of items to be seized. Clearly the language of this warrant falls within that practical margin of flexibility. Appellant contends that the serial numbers of the bait money should have been listed in the warrant. This contention was clearly rejected, however, in *Hanger v. United States,* 398 F.2d 91, 98–99 (8th Cir. 1968), *cert. denied,* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969).[1] Appellant further contends that the search warrant was fatally defective for failing to mention the security package, red-stained money or any red-stained item, although all were seized during the search.[2] Evidence at the suppression hearing showed that the government agents who conducted the search knew that a security device designed to emit red smoke had been included with the currency given to the bank robber. The agents had no knowledge, however, that the security device was located in appellant's apartment. When the agents began to lawfully search the premises for the enumerated items in the warrant, they inadvertently discovered numerous red-stained objects. With their prior knowledge of the security device, the incriminating nature of these objects was immediately apparent. Under these circumstances the red-stained objects which were in plain view were properly seized by the agents. *Coolidge v. New Hampshire, supra,* 403 U.S. at 464–73, 91 S.Ct. 2022; *United States v. Golay,* 502 F.2d 182, 183–86 (8th Cir. 1974). We therefore conclude that the language used in the search warrant was sufficiently definite. Furthermore, the red-stained items found in appellant's apartment were "reasonably related to the crime for which the warrant issued." *United States v. Golay, supra,* 502 F.2d at 184, *quoting from Taylor v. Minnesota,* 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied,* 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973). They were therefore properly seized. Accordingly, the district court[3] correctly denied Davis' motion to suppress.

Appellant secondly contends that inadmissible hearsay was admitted into evidence to prove the serial numbers on the stolen bait money. The bank's bait money

---

1. The court in *Hanger* stated:

   Defendants' contention that the warrant should have specified the numbers of the bills being searched for is not well taken. Not all of the money taken from Chippewa Trust was money of which the serial numbers had been recorded. We know of no rule of law that does not allow police officers and Government agents to search for "loot" from a bank robbery under a valid search warrant based on probable cause, and defendants here do not challenge the sufficiency of the warrant on the basis that it was not issued on a proper showing of probable cause. Defendants' argument in its broadest terms would preclude a search for the "loot" from any bank robbery where the serial numbers of the currency taken was not known. Defendants' argument in its narrowest terms would invalidate a warrant to search for currency where part of the serial numbers were known and not specifically set forth in the search warrant. If defendants' contention were the rule, then other currency which could be part of the "loot" would not be subject to seizure. The laws on reasonable search cannot produce such incongruous results. The "loot" was described with sufficient particularity. *United States v. Howell,* 240 F.2d 149 (3 Cir. 1956). 398 F.2d at 98–99.

2. Among those items seized were two red-stained magazines, one red-stained plastic waste basket containing a red-stained paper towel, $48 in red-stained currency, a quantity of red-stained debris, and one red-stained metal canister.

3. The Honorable Terry L. Shell, United States District Judge for the Eastern District of Arkansas.

list was introduced by the government over the objection of Davis through the testimony of an auditor of the Little Rock bank. The document was accepted as a business record in accordance with Fed.R.Evid. 803(6) and 28 U.S.C. § 1732. Appellant contends that the evidence indicated a lack of trustworthiness. The record reveals, however, that the bait money list remained unchanged until the money was removed or intermingled with other money, that the list was checked and verified by periodic audits, and that the list was kept in the usual course of business in all of the teller windows in accordance with the regular practice of the bank. Under these circumstances, the basis for the admission of the bait money list was sufficiently established, and it was properly admitted into evidence.

■ Finally, appellant contends the district court erred in denying appellant's motion for judgment of acquittal. This motion was made at the close of the government's case. The defendant, after his motion had been denied, introduced evidence in his own defense. As was stated in *United States v. Wetzel,* 514 F.2d 175, 177 (8th Cir. 1975):

> We need not determine whether the government's case alone was sufficient, for in these circumstances we examine the evidence as a whole, including that offered by the defendant. *United States v. Geelan,* 509 F.2d 737, 742 (8th Cir. 1974), and cases cited therein.

When the evidence is viewed as a whole, it is clearly sufficient to sustain a conviction.

Affirmed.