UNITED STATES of America, Appellee,

v.

Tommy Lee JONES, Appellant.

No. 76–1279.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1976.

Decided Oct. 28, 1976.

Certiorari Denied Jan. 10, 1977.
See 97 S.Ct. 763.

Philip M. Moomaw, Asst. Federal Public Defender, Springfield, Mo., argued on brief; Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for appellant; David R. Freeman, Federal Public Defender, Western District of Missouri, Kansas City, Mo., on brief.

Sidney M. Glazer, Atty., Dept. of Justice, Washington, D. C., argued, and on brief; Philip J. Adams, Jr., U. S. Dept. of Justice, Kansas City, Mo., and Roger A. Way, Jr., Atty., App. Section, Crim. Div., Dept. of Justice, Washington, D. C., for appellee; Bert C. Hurn, U. S. Atty., Western District of Missouri, William M. Tetrick, Sp. Atty., Dept. of Justice, Kansas City, Mo., and Roger A. Way, Jr., Atty., Dept. of Justice, Washington, D. C., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

In this appeal from a jury trial and conviction for narcotics violations (count I, unlawful distribution of 1.68 grams of cocaine, and count II, unlawful possession with intent to distribute approximately 16 grams of cocaine, all in violation of 21 U.S.C. § 841(a)(1)), Tommy Lee Jones, appellant, asserts the following as errors:

1) The trial court should have suppressed certain items seized in a search of Jones' apartment because the affidavit was insufficient to support the issuance of the search warrant.

2) The trial court erred in admitting as government exhibits certain paraphernalia used in preparing and cutting cocaine for distribution on the ground that the introduction of that evidence was immaterial and not relevant when the Government proffered this evidence during the prosecution's case-in-chief.

3) The trial court erred in admitting into evidence a bottle containing 438 grams of lactose containing 0.19 percent cocaine because the prejudicial effect of this evidence outweighed its probative value and, further, that the prosecutor had represented that such evidence would not be introduced at the trial.

4) The trial court erred in refusing a mistrial after the prosecutor commented by implication upon appellant's failure to take the stand.

5) The trial court erred in refusing appellant's requested instruction relating to cocaine as a narcotic-controlled substance.

The record does not support these claims of alleged error and we affirm the conviction.

The trial testimony established that DEA agents obtained information that Jones had been dealing in cocaine during the summer of 1975. On July 10, 1975, the Government's informer, under the supervision of DEA agents, purchased a bag of cocaine from Jones and he turned over that cocaine to the DEA agents. That bag contained 1.68 grams of 41.2 percent cocaine hydrochloride, diluted with lactose and mannitol. The next day, DEA officers armed with a search warrant entered the premises occupied by Jones where the prior cocaine sale had taken place, and there seized a brown bottle containing 32.4 percent cocaine hydrochloride diluted with lactose and inositol, and two bottles of lactose, one sealed and

the other containing a trace of cocaine. The searchers also seized other items such as a balance scale, chemicals used in testing cocaine, miscellaneous items commonly used in distribution of narcotics and marked bills given by DEA agents to the informer to make the cocaine purchase on the prior evening of July 10th.

A chemist called by the Government identified the substances turned over to the DEA agents by the informant on July 10th as lactose, mannitol, and cocaine and testified that the brown bottle seized at Jones' premises contained lactose, inositol, and cocaine.

With this background, we discuss appellant's contentions.

## I. Sufficiency of Affidavit of Probable Cause.

The affidavit supporting the search warrant related in considerable detail that a confidential informant identified by number, whose information had previously proved reliable, advised Federal Drug Enforcement agents that the appellant had been dealing in drugs from his apartment at 11605 Richmond, Kansas City, Missouri, the premises of Jones which were ultimately searched. In addition, the affiant, Harold Vaughan, a special agent of the Drug Enforcement Administration of Kansas City, Missouri, stated that he had made several inquiries concerning the availability of cocaine to an individual by the name of James Jackson. The agent traced Jackson's source of supply through telephone calls that Jackson made to a Kansas City number. The agent learned from the telephone company that the telephone number was that of Tommy Lee Jones at the premises later searched.

Finally, the affidavit recited that on July 10th, the Government informer made a controlled purchase of approximately two grams of cocaine from the defendant, Tommy Lee Jones, at 11605 Richmond, Kansas City, Missouri. Immediately following the sale, the confidential informant stated that he had observed additional quantities of cocaine still present in the bedroom of that residence.

The foregoing brief summarization of facts contained in agent-Vaughan's affidavit to support the application for a search warrant established probable cause to believe that cocaine and evidence of narcotics violations existed in the premises at 11605 Richmond, Kansas City, Missouri. In light of the facts set forth in the affidavit, the magistrate properly issued a search warrant.

Jones contends that a balance scale, cocaine tester, tea strainer, Glad Bags, and lactose bottles taken from his apartment were improperly seized because they were not named in the warrant. They were "reasonably related to the crimes for which the warrant issued" and properly subject to seizure. *Taylor v. State of Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied*, 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973).

## II. Admission of Paraphernalia as Evidence.

In its case-in-chief, the Government offered in evidence the box of Glad Bags, balance scale, cocaine tester, tea strainer, and unopened bottle of lactose seized during the search of the premises in question on the night of July 11th. Jones objected to the introduction of this evidence on the ground that its probative value was outweighed by its prejudicial impact, since, according to the appellant, intent to commit the crimes had not been made an issue by the not guilty plea of Jones. Appellant cites *United States v. Conley*, 523 F.2d 650, 654 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976); *United States v. Buckhanon*, 505 F.2d 1079, 1083 n. 1 (8th Cir. 1974); *United States v. Brown*, 453 F.2d 101, 107–08 (8th Cir. 1971), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1205, 31 L.Ed.2d 253 (1972).

Appellant's argument is without force and these cases are inapposite. All of the items in question are commonly used in the processing and distribution of cocaine, and therefore, were liable to seizure and

introduction into evidence as instrumentalities of the crime charged, that Jones possessed cocaine for the purpose of distribution. *See United States v. Bridges*, 419 F.2d 963, 967–68 (8th Cir. 1969). Moreover, under the statute, the prosecution was obligated to prove appellant knowingly and intentionally possessed cocaine with intent to distribute. In the pretrial omnibus hearing, Jones indicated that lack of intent would be one of his defenses. The evidence here bears directly upon an element of the crime and was admissible for that reason.

■ For the same reason the court did not err in permitting the Government to introduce the unsealed bottle of lactose containing 0.19 percent cocaine which was seized in the search of Jones' apartment. The prosecution offered and the court admitted this questioned exhibit as bearing on appellant's intent to distribute the approximately 16 grams of cocaine contained in a brown bottle which the DEA officers seized at Jones' premises. The substance contained in the questioned exhibit (Exhibit 19A), although containing a small trace of cocaine, was not part of the charge contained in the indictment. The Government did not offer that exhibit to prove Jones' possession with intent to distribute the small amount of cocaine contained therein, but only to show that Jones possessed the greater quantity of drugs charged in the indictment for the purpose of preparing diluted dosages for distribution. Moreover, the prosecutor breached no pretrial agreement in presenting this evidence to the jury. The Government at a pretrial conference had represented only that the exhibit later marked 19A would not be offered as proof of the possession charged in count II of the indictment. Finally, given these circumstances, we do not believe that the prejudicial impact of this exhibit outweighed its probative value on the issue of intent. The trial court did not err in admitting this exhibit.

### III. *Prosecutor's Argument.*

During closing argument to the jury, the prosecutor said:

The contention was made that because it was conceivable that Anderson Jackson [the previously unnamed informant] might at one point have smuggled in his waistband a small envelope of narcotic in there, that it is just as likely that he smuggled in Glad Bags, that he smuggled in scales, that he smuggled in bags of cutting material, and coke testers, and strainers, and put them in T. Lee Jones's [sic] drawer to set him up.

And, of course, Mr. Jones didn't know anything about that, or, if he did, he didn't think anything of it when people were bringing in cutting materials and scales—. [Tr. Vol. II at 290–91.]

Appellant asserts that in this comment, the prosecutor referred to appellant's failure to testify.

The trial court in denying the motion for mistrial said:

What Government counsel is trying to do is try to offset the testimony in the case that the narcotics alleged to have been involved could have been concealed in a body cavity. That is the context in which it was made, so the motion for mistrial is denied. [Tr. Vol. II at 292.]

■ The remark does not call the jury's attention to the fact that Jones had not taken the stand and seems to be a proper response to the suggestion of appellant's counsel on summation that narcotics paraphernalia had indeed been smuggled into Jones' apartment by the informant. We reject this claim of error.

### IV. *Instructions.*

■ The district court instructed the jury that the Government had to prove, and the jury must find beyond a reasonable doubt, that the substance in question was cocaine, a controlled substance in Schedule II of 21 U.S.C. § 812. The court also properly defined cocaine as "[c]oca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances." 21 U.S.C. § 812, Schedule II(a)(4). The court's instructions

were proper and the Government presented ample evidence to establish that the substances in question were in fact the contraband cocaine defined by law. Under the circumstances, the court did not err in defining cocaine for the jury and rejecting certain of appellant's requested instructions on this issue.

We find no prejudicial error in the conduct of the trial, and accordingly, affirm the conviction.