**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph J. BILLS, Defendant-Appellant.**

No. 77-5088

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 13, 1977.

Richard E. Burton, Baton Rouge, La., for defendant-appellant.

Cheney C. Joseph, Jr., U. S. Atty., George D. Hardy, Asst. U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant appeals from a conviction for the illegal possession of an unregistered firearm in violation of 26 U.S.C.A. § 5861(d).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

The sole question is whether the trial court erroneously refused to suppress the seized evidence of the crime.

Sheriff's deputies obtained a warrant to search defendant's place of business for "one rifle, .22 caliber automatic. Brand and serial number unknown with brown stock exhibiting signs of abuse." When the deputies arrived at defendant's place of business they learned from his children that the weapon was in a locked room. Defendant, absent from the premises, had the only key to the room.

Upon breaking into the room, the deputies found and seized over sixty-five guns, including four .22 caliber automatic rifles which were identical to the rifle which was the object of the search. Two of the guns seized were subjects of the motion to suppress: a Stevens 12 gauge single shot shotgun with a sawed-off barrel length of less than 14 inches, and an H and R .22 caliber M–4 survival rifle.

Defendant contends that the deputies exceeded the scope of the search warrant when they seized the 65 weapons because the deputies knew the weapons were not listed in the warrant and had no reason to believe the weapons were contraband. Defendant asserts that the deputies conducted a general exploratory search and that the seizure here does not fall within the plain view doctrine contained in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

▮ Generally only items described in a search warrant may be seized. An exception to this general rule, however, is found where a police officer has a warrant to search a given area for specified objects and in the course of the search comes across some other article of incriminatory character. The property is then seizable under the plain view doctrine. *See United States v. Canestri,* 518 F.2d 269 (2d Cir. 1975).

▮ In this case the weapons seized as contraband were found in a storeroom which was part of the premises described in the warrant. The discovery was made inadvertently. The deputies had probable cause to believe that sawed-off shotguns and the survival rifle were in violation of 26 U.S.C.A. § 5841, which requires that such weapons be registered. *United States v. Geldon,* 357 F.Supp. 735 (N.D.Ill.1973). It is not a prerequisite for a legal seizure that the officers know at the time that the seized weapons were not registered. *United States v. Story,* 463 F.2d 326 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 254 (1972).

▮ Defendant's reliance on *United States v. Clark,* 531 F.2d 928 (8th Cir. 1976), is misplaced. In that case the warrant authorized a limited search for controlled substances only and the police officers conducted a general exploratory search. That was not the case here. Although the deputies searched drawers, cans and boxes, they confined their search to the room where the guns were stored. Many of the guns were loaded. When an officer discovers a hidden supply of loaded firearms, he has a duty to determine if the weapons are contraband. *United States v. Canestri, supra.*

AFFIRMED.