583 P.2d 893

**STATE of Arizona, Appellee,**

v.

**S. Michael SCIGLIANO, Appellant.**

**No. 4217–PR.**

Supreme Court of Arizona,
En Banc.

July 25, 1978.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and Steven D. Sheldon, Asst. Attys. Gen., Phoenix, for appellee.

Marvin W. Manross, Phoenix, for appellant.

HAYS, Justice.

Appellant S. Michael Scigliano was found guilty by a jury on three counts of a six-count information charging that he "bought, concealed or received" stolen property of a value of $100 or more, on six different occasions in April, May and July, 1976. A.R.S. § 13–621. He was sentenced to three concurrent terms of one—two years imprisonment. A.R.S. § 13–1645. The Court of Appeals reversed the convictions and set aside the sentences on two of the counts, but affirmed the conviction and sentence on one count. *State v. Scigliano* (App.1978), (filed January 27, 1978). A petition for review was filed by each party, bringing the cause under the jurisdiction of the Supreme Court pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.19.

We took review to consider two issues: first, whether a police search unconstitutionally exceeded the scope of the warrant which authorized it; and second, whether the trial court erred in failing to give a proper jury instruction on "aggregation" of property received under each count, for the purpose of determining whether a felony (property value of $100 or more) or a misdemeanor (property value of less than $100) had been committed. The opinion of the Court of Appeals is approved and adopted, except as modified herein.

## THE GENERAL SEARCH AND SEIZURE OF ITEMS NOT DESCRIBED IN THE WARRANT

Brian and Lila Ollson informed the Mesa police that they had stolen a large number of items of furniture and delivered them to Scigliano in return for cash. Based upon this information the police obtained search warrants and executed them the following morning at Scigliano's residence and also his place of business, a tavern. Lila Ollson accompanied the officers at the time of the searches. Many, if not all, of the items specified in the warrants were found. Additionally, during or after the initial search and seizure of these items, Lila pointed out additional items which she recognized as having been stolen by her or Brian and delivered to the defendant; these additional items were also seized and ultimately admitted into evidence at trial. The Court of Appeals held that these additional items, not described in the warrant, should have been suppressed, and said:

> "[T]he status of undescribed items as 'fruits' or 'mere evidence' of the criminal conduct which is the subject of the warrant must be perceptible to the officer who is executing the warrant unaided by direction from the person who supplies the information upon which issuance of the warrant is based.[3] Any other rule would subvert the root principle of placing an impartial magistrate between the police and its informant on the one hand, and the person from whom items are to be seized on the other." (Citation omitted.)

"[3] We do not suggest that Lila Ollson could not accompany and assist the officers in the search and identification of described property

for seizure. *See* A.R.S. § 13–1446(A). She could also point out additional items of stolen property but in the absence of exigent circumstances which do not appear, the proper course is to obtain a warrant for seizure of those items." No. 1 CA-CR 2604 at page 5.

We do not agree with this reasoning or result reached by the Court of Appeals.

We start with the proposition that the procedures followed by the Mesa police were statutorily authorized. A.R.S. § 13–1442 provides, *inter alia*, that a search warrant may be issued "[w]hen the property to be seized was stolen . . . ." Under § 13–1446(A) it was proper for Lila Ollson to accompany the officers, as she was "in aid of an officer" engaged in the execution of the warrant. Finally, § 13–1446(C) states:

"A peace officer executing a search warrant may seize any property discovered in the course of the execution of such warrant if he has reasonable cause to believe that such item is subject to seizure under § 13–1442, *even if such property is not enumerated in the warrant.*" (Emphasis supplied.)

Such statutory authorization does not, of course, provide constitutional justification. The search must withstand scrutiny under the Fourth Amendment to the United States Constitution and Article 2, Section 8 of the Arizona Constitution.

Three cases from the United States Supreme Court provide some guidance for our analysis here. In *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), it was held that where a search is lawful, no distinction need be made as to seizure of items pursuant thereto, between "mere evidence" (evidential value only) and instrumentalities, fruits or contraband as long as there is probable cause to believe that the evidence seized will aid in a particular apprehension or conviction. Thus, some consideration must be given to the police purpose in seizing the items. The Court recognized the possibility that the "plain view" doctrine might expand the scope of a search pursuant to a warrant in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971):

"An example of the applicability of the 'plain view' doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character." 403 U.S. at 465, 91 S.Ct. at 2037.

In *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), the defendant was charged with fraudulent misappropriation by a fiduciary and false pretenses, for defrauding a purchaser of a certain real estate lot while acting as a settlement attorney. The alleged false pretenses were based on a misrepresentation to the purchaser of that lot that title to the property was clear. Investigators secured, and subsequently executed, warrants which authorized searches of the defendant's offices for business records. The warrants listed specific items pertaining to that lot for seizure, as well as "together with" phrases at the end of each list, authorizing seizure of "other fruits, instrumentalities and evidence of crime at this [time] unknown." During the search, a number of incriminating documents pertaining to the particular real estate lot were seized, as well as documents pertaining to another lot located in the same subdivision and subject to the same liens. These documents were admitted at trial and Andresen was convicted. The Supreme Court held, *inter alia,* that 1) the "together with" phrases did not render the warrants fatally "general" because they must be read as authorizing only a search for, and seizure of, evidence relating to the crime; and 2) the seizure of *other evidence of a related crime, not authorized by warrant,* was permissible. The Court reasoned that the seizure of the documents pertaining to the other lot did not violate the principle of *Warden v. Hayden, supra,* that when police seize "mere evidence," probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. The investigators reasonably could have believed that the evidence showing fraudulent conduct respecting the other lot could be used to show Andresen's intent to defraud with respect to the lot in question, and

although such evidence was the basis for additional criminal charges, its suppression was not required.

Arizona is not without some authority on this subject. In *State v. Tosatto*, 107 Ariz. 231, 485 P.2d 556 (1971), *cert. denied*, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 274 (1971), we held that items of mere evidence, although not listed on a search warrant, were lawfully seized and properly admitted into evidence where they bore some relation to a charged assault, in that they tended to prove and corroborate the victim's testimony. *See also State v. McMann*, 3 Ariz.App. 111, 412 P.2d 286 (1966). The federal circuits have reached similar results. *United States v. Jones*, 543 F.2d 627 (8th Cir. 1976), *cert. denied*, 429 U.S. 1051, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977); *United States v. Bills*, 555 F.2d 1250 (5th Cir. 1977); *United States v. Davis*, 542 F.2d 743 (8th Cir. 1976), *cert. denied*, 429 U.S. 1004, 97 S.Ct. 537, 50 L.Ed.2d 616 (1976); *United States v. Canestri*, 518 F.2d 269 (2nd Cir. 1975).

■ The record clearly supports the conclusion that the officers were on Scigliano's premises pursuant to execution of a valid search warrant and that the challenged items (those seized but unnamed in the warrant) of furniture were found during a limited search which was reasonably calculated to locate items actually named in the warrant, as opposed to a general exploratory search of the premises. We also believe that the facts surrounding the search, including information supplied by the informant during that search, provided a sufficient nexus between the disputed items and the crime for which the warrant was issued, so that the officers had probable cause to believe that those items were "reasonably related" to the crime. The disputed items were of the same type (furniture) as the named items; the officers knew that the informants had described numerous deliveries of stolen furniture to those premises; a magistrate had previously found probable cause for the issuance of a search warrant, based on statements by the same informant; and the informant was present at the premises, making criminal admissions in regard to each of the disputed items which she identified. Having probable cause to believe that each of the disputed items was stolen property, the officers could have believed that they were reasonably related to the crime of receiving other similar stolen property from the same persons, which crime was the basis for the issuance of the warrant. Such evidence could be used to show Scigliano's intent to defraud with respect to the crime under investigation. *Andresen v. Maryland, supra.* Finally, where a valid search warrant had been acquired and was being lawfully executed, we see no greater intrusion into personal security and privacy, and hence no constitutional prohibition, in the use of the informant at the scene of the execution of the warrant, as authorized by A.R.S. § 13–1446(A). Appellant's motion to suppress the undescribed items was properly denied by the Superior Court.

## THE INSTRUCTION ON AGGREGATION

■ We agree with the reasoning and result reached by the Court of Appeals, that the trial court erred in failing to properly instruct the jury on the law relating to aggregation of separately delivered items, in order to meet the required element of $100 worth of property received as essential to a felony conviction. We also agree that the error was prejudicial as to Counts V and VI, but not prejudicial as to Count IV.

■ As to Count IV, the conviction and sentence are affirmed. As to Counts V and VI, the jury verdicts of guilt of the felony charges and the judgments of conviction are modified to misdemeanor buying, concealing or receiving stolen property. Appellant is sentenced to six months imprisonment in the Maricopa County Jail on each of Counts V and VI, said sentences to run concurrently with each other and with the sentence previously imposed on Count IV. A.R.S. §§ 13–621(A), 13–1645, 13–1716, 13–1717(A); *State v. Hunter*, 102 Ariz. 472, 433 P.2d 22 (1967); *State v. Eliason*, 25 Ariz.App. 523, 544 P.2d 1124 (1976).

The opinion of the Court of Appeals is modified in accordance with the views expressed in this opinion, and those parts of the opinion of the Court of Appeals which are not in conflict with this opinion are approved.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.