**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eugene NEDD, Jr., Defendant-Appellant.**

**No. 78–5226**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Frank M. Garza, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant, a previously convicted felon, was found guilty by the court of possession of a firearm which had been shipped in interstate commerce. 18 U.S.C.A. §§ 922(h) and 924(a).

The district court denied a motion to suppress the firearm, the product of a search of defendant's apartment. Although the search was made pursuant to a warrant, the firearm was not described in the search warrant, obtained to search for heroin. Although they had no success in finding heroin, the police found a pistol under a mattress while looking for heroin.

The officer who obtained the warrant knew that defendant was a convicted felon and had heard that he sometimes carried a pistol.

If the police knew of the firearm and its location and intended to seize it without describing it particularly in the warrant, a Fourth Amendment violation would have occurred. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

The district court, however, found that police were searching for heroin, not a firearm. Neither of the policemen conducting the search knew that defendant actually possessed the firearm at the time the warrant was obtained or that it was located at the apartment. The firearm was not the object of the search. The findings of the district court are not clearly erroneous.

The pistol is admissible under the plain view doctrine when discovered in a place where the police could properly be looking in execution of the warrant. *United States v. Bills*, 555 F.2d 1250, 1251 (5th Cir. 1977).

AFFIRMED.