637 P.2d 301

The STATE of Arizona, Appellee,

v.

William Lyle WORATZECK, Appellant.

No. 2 CA–CR 2300.

Court of Appeals of Arizona, Division 2.

Oct. 8, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 1, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Echeverria, Glenn & Howard by Dwight P. Callahan, Casa Grande, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was found guilty by a jury of third-degree burglary and theft of property valued at more than $100. He admitted allegations of prior convictions and was sentenced to the presumptive terms of five and ten years respectively, the sentences to run consecutively to each other and to sentences he was then serving. Appellant's major contentions concern the denial of his motion to suppress evidence seized at his residence and statements made by him shortly after his arrest, and the trial court's ruling as to the admissibility of certain prior convictions

for impeachment purposes. Counsel also presents two arguable issues concerning appellant's sentences.

On March 6, 1980, a Casa Grande nursery was burglarized. Various plants, hand tools, gardening supplies and a wheelbarrow were stolen. Two Casa Grande detectives, Salyer and McCormack, had been in appellant's trailer home that same day to interview him about an unrelated homicide. During their visit, they noticed several large plants in appellant's living room which they later connected with plants described in the report of the nursery burglary. The detectives then contacted the owner of the nursery and obtained descriptions of the missing plants. These appeared to them to be similar to the plants which they remembered seeing in appellant's residence. The detectives drove by the residence, first alone, and then with the nursery owner who identified, from the car, a wheelbarrow and two plants as part of the property taken in the burglary.

On March 14, 1980, Detective Salyer presented a search warrant and supporting affidavit to a magistrate who issued the search warrant. Officers McCormack and Salyer executed the search warrant, accompanied by the nursery owner who helped them identify his property. Salyer arrested appellant and took him to the police station and McCormack conducted the search of the interior of the trailer, underneath the trailer, and the fenced-in yard outside. As a result of the search, numerous plants, trees, plant accessories, yard tools, insecticides and the wheelbarrow were seized. These items had all been identified by the nursery owner as having been taken from the nursery.

■ Appellant's first attack on the validity of the search warrant is that the supporting affidavit did not satisfy the probable cause requirement, i.e., some of the property described in the search warrant was either not described in the affidavit or was not seen by the officers during their visit to the residence. Suffice it to say that the officers' personal observations coupled with the owner's description of sto-len items would justify the magistrate in believing there was probable cause to believe that the six specified items described in the search warrant were located on the premises. Affidavits for search warrants must be tested and interpreted by magistrates and courts in a common sense and realistic fashion—technical requirements of elaborate specificity are not imposed. *State v. Superior Court*, 129 Ariz. 156, 629 P.2d 992 (1981).

■ A search warrant must particularly describe the property to be seized and the place to be searched. A.R.S. § 13–3913. We agree with the state that the warrant's failure to specifically describe insecticides, plant food, and small potted plants in greater detail did not invalidate the warrant. The other items set forth met the requisite particularity and therefore appellant's complaint does not affect the validity of the whole warrant. *State v. Maddasion*, 24 Ariz.App. 492, 539 P.2d 966 (1975).

■ Appellant complains that the search warrant is invalid because it failed to particularly describe the place to be searched. The body of the warrant contains no description of the place to be searched but in lieu thereof, the words "See # 1 attached" are inserted in the space for the description. Appellant contends that the description must be set forth in the body of the warrant and cannot be incorporated by reference. Contrary to appellant's contention, incorporation by reference is permissible. *Moore v. United States*, 461 F.2d 1236 (D.C. Cir.1972); *United States v. Thompson*, 495 F.2d 165 (D.C.Cir.1974); *Hignut v. State*, 17 Md.App. 399, 303 A.2d 173 (1973). Generally speaking, however, courts require that the attachment be physically connected to the warrant. *United States v. Ortiz*, 311 F.Supp. 880 (D.Colo.1970), affirmed 445 F.2d 1100 (10th Cir. 1971); *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1973); *Booze v. State*, 291 So.2d 262 (Fla.App.1974); Cf. *United States v. Brooks*, 303 F.2d 851 (6th Cir. 1962).

■ The problem here is that Officers Salyer and McCormack could not remember whether or not the attachment which specifically described the premises to be

searched was physically connected to the warrant when issued by the magistrate. We do know that the "attachment" was presented together with the two-page affidavit and the two-page warrant to the magistrate. We also know that Officer Salyer had a copy of it in his possession at the time he executed the warrant. It was also established at the suppression hearing that a copy of the attachment was stapled to the affidavit and placed in the court file. Officer Salyer, who executed the warrant, was the affiant in the affidavit and he personally made the surveillance of the premises detailed in the attachment to the affidavit. The search warrant recites that it is grounded upon "Proof by affidavit having been made this day before me by Gary L. Salyer, Detective No. 21."

The place searched was undeniably the place as to which probable cause had been made out and was in fact the place the warrant was meant to describe. Considering all these circumstances, we find that the warrant was not invalid because the attachment was not physically connected to it. Assuming, as appellant contends, that the specific description was attached to the affidavit and not to the warrant itself, we believe that the warrant and the affidavit may be read together. *Commonwealth v. Todisco*, 363 Mass. 445, 294 N.E.2d 860 (1973); *Hackerman v. State*, 189 Tenn. 130, 223 S.W.2d 194 (1949); *State v. Bisaccia*, 58 N.J. 586, 279 A.2d 675 (1971).

■ Appellant's complaint as to seizure of items not listed in the search warrant is without merit as these items were found during a limited search which was reasonably calculated to locate items actually named in the warrant and, because of the owner's on-site identification, there was probable cause to believe that the other items were connected with the crime giving rise to the warrant. *State v. Scigliano*, 120 Ariz. 6, 583 P.2d 893 (1978).

■ The parties stipulated that appellant's post-arrest statements were fruits of the search and seizure. Since we have found no illegality in the search or seizure, the trial court properly denied the motion to suppress the statements. Nor did the trial court err in determining that appellant's statements were voluntary as appellant himself initiated further communication with the police officer thus waiving his right to have counsel present during custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

■ Appellant complains of the trial court's ruling as to the admissibility of certain prior felony convictions for impeachment purposes. Appellant had a series of felony convictions within the time limit of Rule 609(b), Rules of Evidence. They included grand theft, no account checks, escape, armed robbery, first-degree murder and three burglary convictions. The trial court explicitly balanced the probative value and prejudicial effect, as mandated by Rule 609(a), and therefore the ruling is reviewable only for abuse of discretion. *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980); *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App.1980). We find no abuse of discretion. The trial court denied the state the use of the murder conviction. That appellant was being tried for burglary and that three priors were also for burglary did not render those prior convictions inadmissible per se on the issue of appellant's credibility. *State v. Dixon*, supra.

■ Appellant's final complaint is directed to the fact that the sentences were to run consecutively. Our review of the record discloses that the trial court failed to comply with A.R.S. § 13–708 because it did not state reasons for making the sentences consecutive. Under the circumstances, remand for resentencing is necessary. *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (1981).

■ Our review of the record also discloses that the trial court, in accepting appellant's admissions of the allegations of two prior felony convictions, did not comply with Rule 17.6, as amended, Rules of Criminal Procedure. The procedures delineated in Rule 17 must be followed whenever a prior conviction is admitted, except when the admission occurs while the defendant testifies on the stand. *State v. Canaday*, 119 Ariz. 335, 580 P.2d 1189 (1978). On

remand, if appellant is to be subjected to enhanced punishment, the mandate of Rule 17.6 must be followed or the state must prove his prior convictions. *Canaday*, supra; *State v. Allen*, 125 Ariz. 158, 608 P.2d 95 (App.1980).

We affirm the convictions, vacate the sentences and remand for resentencing. Our affirmance of the convictions does not include the court's finding that these were repetitive offenses.

HATHAWAY, C. J., and HOWARD, J., concur.